PER CURIAM.
Petitioner Gandy seeks review of a final agency action of the Career Service Commission which sustained a disciplinary suspension ordered by the Department of Offender Rehabilitation. Although the record appears to sustain the charges leveled *1134 against petitioner, we are unable to reach the merits of the case because of a procedural problem of due process proportions. The record reveals that during the hearing before the hearing officer counsel for the respective parties became engaged in a controversy as to the issues involved and the admissibility of certain evidence. Finally, the record reveals, both attorneys stated the issue whereupon petitioner’s attorney recited:
“That is the sole issue and that is the sole question on negligence, and I will stipulate to that, and any other testimony which has been introduced is clearly irrelevant and that is the sole issue, and, therefore, I will object.”
Whereupon the hearing officer stated:
“Counsel, I’ll agree to your stipulation retrospectively but retroactively. Let’s roll on.”
The issue was thereby narrowly defined as was the scope of the evidence. The record clearly reveals that following that stipulation petitioner’s attorney curtailed the scope of his examination and confined himself to the agreed issue. Nevertheless, as appears from the hearing examiner’s recommended order, the examiner relied upon evidence, objected to, outside the scope of the stipulated issue. Petitioner filed objections to the recommended order but it was adopted and forms the basis for the review now sought.
It is axiomatic that neither a hearing examiner nor a court may, in the absence of consent, either express or implied, consider evidence received over objection which is outside the issues and then rely upon that evidence as a basis for his or its ultimate order. Further, when the issues have been narrowed by stipulation and a party thereby lulled into responding to evidence adduced over his objections outside the issues, such evidence may not be used to his detriment.
The petition is therefore granted and the order of which review is sought is
QUASHED.
McCORD, C. J., and BOYER and MELVIN, JJ., concur.