BOOTH, Judge.
This cause is before us on appeal from non-final agency action. The main issue has been resolved by the award of the hearing sought by petitioner. Remaining for our consideration is the request for costs and attorney fees. In determining the award of attorney fees, we have considered a number of factors, including the nature and duration of the proceedings below and in this court, as evidenced by the record here.
In February of 1978, petitioner was removed from his job as County Sanitarian for Pasco County. He was reassigned and apparently demoted by his employer, Department of Health and Rehabilitative Services (HRS) for allegedly improper reasons, and without a hearing. Petitioner appealed to the Department of Administration, Division of Personnel. On September 29, 1978, by letter of the State Personnel Director, he was informed that he had not attained a permanent status, that no action taken against him was appealable to the Career Service Commission, and that request for a hearing was rejected.[1] Petitioner responded, objecting to the reliance by DOA on the factual assertion of HRS that, due to a “mutual understanding,” petitioner’s position had not been a permanent one. Thereafter, correspondence continued between DOA and petitioner, repeating requests and denials, for a hearing. Investigation by the Career Service Commission, ex parte, and communications between Career Service and HRS also continued.
On September 3, 1978, Rule 2M-2.-04(2)(b), Rules of the Department of Administration, Career Service Commission, was promulgated. This rule requires that, if an appeal is rejected by the State Personnel Director, the Director must notify the appellant in writing, stating the reasons and advising appellant of his right to submit a written statement challenging those reasons, or to submit evidence in opposition to the decision in an informal proceeding.[2] On September 29, 1978, three weeks after the adoption of the foregoing rule, the Personnel Director wrote the letter previously referred to but failed to advise petitioner of his rights under CSC’s own rule, as required by the rule. The Personnel Director professes lack of knowledge of the new rule promulgated by his agency. However, the Personnel Director of the Career Service Commission is charged with knowledge of *1046 the rules promulgated by the agency he serves and is duty-bound to comply therewith.
On January 3, 1979, petitioner filed with the Career Service Commission a request for formal proceedings, alleging disputed issues of material fact. Career Service informed him that his request for the proceeding under Florida Statutes, § 120.57, had to be made to the head of HRS rather than to Career Service. Petitioner objected to this, citing case authority to the effect that the availability of an appeal under Florida Statutes, § 110.061,[3] where there are conflicting facts, is a question to be resolved in a 120.57 hearing before the Career Service Commission. Board of Regents v. Heuer, 332 So.2d 626 (Fla. 1st DCA 1976).
On March 30, 1979, petitioner filed a petition for review of agency action, seeking a hearing before the Career Service Commission. Motion to dismiss was filed by Career Service on the grounds that this court could not require the Commission to take jurisdiction of an appeal it had informally declined to hear, and that there was no administrative action, interlocutory or final, subject to judicial review. Motion to dismiss was filed by HRS on the grounds that the petition for review, etc., was not timely filed in this court, in that it was filed 58 days after “the most recent denial” by the Department of Administration, Division of Personnel, for a hearing.
By order of the court dated April 4,1979, CSC and HRS were ordered to file a written response to the petition. Thereafter, on June 7, 1979, this court entered its order requiring the Career Service Commission to afford petitioner an informal proceeding conducted pursuant to § 120.57(2) on the issue of jurisdiction of CSC of an appeal on the merits of petitioner’s alleged demotion.
On July 23,1979, the opinion and order of the Career Service Commission was filed with this court, finding that the petitioner is entitled to a hearing; that he has obtained permanent status; and that HRS failed to comply with the essential requirements of 22A-1.05, F.A.C., in maintaining position descriptions on a current basis. The Career Service Commission further found that, based on the facts of the instant case, the employee had a right to petition for determination of the facts with regard to his demotion in accordance with Rule 22A-10.-05(1), F.A.C.
On August 2, 1979, this court entered its order directing petitioner to show cause why the proceeding before this court should not be dismissed as moot, in view of the order of the CSC affording a hearing on the merits of petitioner’s appeal. In response, petitioner set forth his claim for costs and attorney fees and reiterated the repeated denial, passage of time and hardship vested upon him by the combined agency action of HRS and CSC. Petitioner’s request for costs and attorney fees cites Graham Contracting, Inc. v. Department of General Services, 363 So.2d 810 (Fla. 1st DCA 1978) and Florida Statutes, § 120.68(13)(a), and attaches the affidavit of petitioner as to his obligation to pay for attorney fees and costs, affidavits of counsel who represented petitioner in the proceedings, affidavit of the office manager of counsel representing petitioner, and the supporting affidavit of a member of the Bar as to the reasonable attorney’s fee.
The Career Service Commission responded to the request for costs and attorney fees, objecting thereto on the basis that the admitted denials by the personnel director of “petitioner’s repeated requests for a hearing” were in accordance with the director’s duties under Rule 22A-10.05(4)(a), which required him to examine the appeal and determine whether or not the petitioner had attained permanent status in the position; that the director was only guilty of having “erroneously interpreted a provision of law” in reaching his decision; that to award costs and fees in this case will only serve “to inhibit the personnel director in the performance of his duties” because of fear of penalty and make him “wary” of denying any person the right to a hearing *1047 before CSC “regardless of how specious such an appeal may be.”
In determining the award of costs and fees, we have considered the undisputed facts that petitioner is a man of limited means; that he had been required to pursue his right to a hearing through more than a year and to employ the services of counsel and file an appeal in order to prevail to the extent of obtaining a hearing. To the individual caught in this type of situation, however, prevailing is a hollow victory, since a financial penalty has been exacted by the requirement that the individual pay fees and costs necessarily incurred.
This court, by order dated January 8, 1980, determined that costs and fees would be awarded and granted respondents an opportunity to address the issue of a reasonable amount to be awarded. The respondents, Career Service Commission and State Personnel Director, have responded, questioning the necessity of the hours spent and suggesting a reasonable fee to be $1,500, and costs $50.
We have determined that the time expended by petitioner’s attorneys was reasonable and necessary, as were the costs claimed. We further find that an award of $2,960 in attorney fees and $100 in costs is appropriate. The cost award includes both the appellate filing fee and the necessary cost for reproducing the appellate record filed in this court.
In Jess Parrish Memorial Hospital v. PERC, 364 So.2d 777, 785, Fla.App., this court pointed out that we have “assessed attorneys fees and costs . . . against agencies which flagrantly violated the requirements of Chapter 120 by denying Section 120.57 hearings” and further held:
“[W]e conclude that an agency’s actions may more often be subject to the harsher sanctions of fees and costs if either the fairness of the proceeding or the correctness of the action was impaired by material error in procedure or by a failure to follow prescribed procedure. Section 120.68(8) ...”
The term “sanction” includes, by definition, measures which encourage compliance and lawful action in the future as well as measures which repair by restitution the result of unlawful past action. So it is that the award of fees and costs in this case is not to punish either the director or the agency but to encourage greater care in the observance of the requirements of statutes and rules, and the rights of individuals with whom they deal. The award is not total restitution to petitioner but is in mitigation of the financial penalty exacted as cost of prevailing.
Based on all of the foregoing considerations, we award the fees and costs as stated above, and direct that they be paid within 30 days of this decision becoming final.
MILLS, C. J., concurs.
ROBERT P. SMITH, Jr., J., dissents without opinion.

. Letter of September 29, 1978, from Personnel Director, in part:
“We find that you had not attained permanent status in the County Sanitarian Director II position and that at the time you took this position it was with the mutual understanding between you and the agency that the promotion was temporary in nature and to be filled by you until the agency could find a permanent position in a pay grade no lower than Pay Grade 18 in which to assign you, which is the pay grade in which you held permanent status.
“Since no action has been taken against you which is appealable to the Cáreer Service Commission I have no alternative but to reject your appeal for hearing by the Commission.”

. Rule 22M-2.04(2)(b), Rules of Department of Administration, Career Service Commission, adopted September 3, 1979:
. .If the appeal is rejected, the State Personnel Director shall notify the appellant in writing, summarizing the factual, legal and policy grounds for his decision and advising the appellant that the appellant may, within 20 days of receipt of the notice, submit a written statement challenging such grounds or submit evidence in opposition to the decision in informal proceedings. If the appellant’s objections are not accepted by the State Personnel Director, the appellant shall be given a written explanation of the decision. Such decision shall be appealable to the District Court of Appeal.”

. Now, Florida Statutes, § 110.227 (1979).