490 So.2d 987 (1986)
M. Carl NEST, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. BJ-50.
District Court of Appeal of Florida, First District.
June 13, 1986.
Rehearing Denied July 22, 1986.
*988 Deborah J. Miller, Coral Gables, for appellant.
William M. Furlow, Tallahassee, for appellee.
MILLS, Judge.
This is an appeal from a final order denying Dr. Nest a medical license in which he contends the Board of Medical Examiners improperly substituted its findings of fact for those of the hearing officer, improperly rejected its own stipulated fact based on information outside the record, and improperly rejected the hearing officer's conclusion of law. Dr. Nest further asserts, the Board's action was a gross abuse of its discretion. We agree and reverse.
Several years ago, Dr. Nest, then a New York obstetrician-gynecologist, suffered from the active disease of alcoholism. Between 1975 and 1979, Dr. Nest attempted to treat four patients while intoxicated. The New York licensing authorities filed charges based on these episodes and Dr. Nest voluntarily surrendered his license.
Dr. Nest then moved to Florida to join his family. In December of 1982, he began treatment for his alcoholism. He started consultations with Dr. Juan Rueda, a psychiatrist who works with alcoholics, successfully completed treatment at St. Anthony's Hospital, and attended Alcoholics Anonymous meetings. He also passed a national medical examination, a requirement for licensure in Florida.
On 27 July 1984, Dr. Nest applied for licensure as a medical doctor in the State of Florida. The Board of Medical Examiners (the Board) responded by requesting reports from Dr. Rueda and requiring Dr. Nest to be evaluated by its own consultant, Dr. Stuart Bernstein.
Drs. Rueda and Bernstein both reported that Dr. Nest's condition was one of "alcoholism in remission," and that he should be allowed to return to practice so long as he continued with his current treatment and attended A.A. meetings. Despite this evidence, the Board declined to grant the application. The Board's final order relied exclusively on Dr. Nest's experience in New York to find that he had not demonstrated his ability to practice safely, and provided, in part, that he could reapply for licensure in Florida if his New York license was reinstated.
Following the Board's action, Dr. Nest engaged in a clinical refresher course at the University of Florida School of Medicine. He also made contact with the "Doctors' Recovery Network" and joined their IDAA (International Doctors of Alcoholics Anonymous) group.
Dr. Nest then requested a formal hearing, which was granted. An extensive prehearing stipulation was entered into by the parties, in which it was agreed that the factual issue and issue of law for determination was whether Dr. Nest is capable of practicing medicine with reasonable skill and safety. The parties further stipulated that there was no dispute regarding Dr. Nest's qualifications for medical licensure in Florida, or regarding the adequacy of his clinical skills, except insofar as his past alcohol impairment impacted on those skills.
At the hearing, evidence establishing Dr. Nest's ability to safely practice was supplied in the form of reports by Drs. Bernstein and Rueda, and the testimony of three experts in the field of alcohol and drug treatment: Dr. John Butcher, a member of the Florida Medical Association's Impaired Physician's Committee, who had worked with Dr. Nest for six months; Dr. Martin Zfaz, Medical Director of the Care Unit of Tampa, a facility for treatment of alcohol and drug illnesses; and Dr. David Myers, Secretary/Treasurer of the Florida Society on Alcoholism and Assistant Medical Director of the Care Unit of Tampa. All of these doctors opined that Dr. Nest could presently practice medicine with skill and safety to his patients.
The Board offered no testimony or evidence at the hearing to contradict these opinions, merely resting their case at the conclusion of Dr. Nest's evidence.
*989 The hearing officer concluded in his recommended order that the Board did have the discretion to deny licensure to Dr. Nest, because by virtue of his past impairment he had violated Section 458.331(1)(s), Florida Statutes (1983) (Grounds for disciplinary action). However, the hearing officer also concluded that it would be an abuse of the Board's discretion to deny Dr. Nest licensure because Section 458.331(1)(s) further provided that:
A physician affected under this paragraph shall at reasonable intervals be afforded an opportunity to demonstrate that he can resume the competent practice of medicine with reasonable skill and safety to patients.
Finding that Dr. Nest had amply demonstrated his ability to practice safely, the hearing officer recommended that he be licensed and placed on two years probation. The Board's counsel did not file exceptions to the recommended order, and urged the Board to adopt it in toto.
The Board then held a meeting, which was attended by Dr. Nest and his counsel, to consider the recommended order. The Board concluded by altering the hearing officer's findings of facts and conclusions of law, and denied Dr. Nest's application. This appeal followed.
The findings of fact and conclusions of law made by a hearing officer as a result of a formal hearing cannot be rejected without valid reason. Section 120.57(1)(b)9, Florida Statutes (1983), provides in part:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.
The Board violated this statute by failing to state with particularity its basis for concluding that the findings of fact made by the hearing officer were not supported by competent substantial evidence. See, Reese v. Department of Professional Regulation, Board of Medical Examiners, 471 So.2d 601 (Fla. 1st DCA 1985).
Prior to the hearing in this cause the parties entered into a stipulation whereby they agreed there was no dispute regarding the adequacy of Dr. Nest's clinical skills. The Board rejected this finding purportedly based on testimony rendered by Dr. Nest at the Board's meeting which was held to consider the hearing officer's recommended order.
This court has held it is reversible error for an agency to supplement the record through post-hearing testimony. Florida Department of Transportation v. J.W.C. Company, Inc., 396 So.2d 778, 784 (Fla. 1st DCA 1981). Moreover, when the issues in a case have been narrowed by stipulation and a party is thereby lulled into responding to information outside the issues, such evidence may not be used to his detriment. Gandy v. Department of Offender Rehabilitation, 351 So.2d 1133 (Fla. 1st DCA 1977); Manatee County v. Florida Public Employees Relations Commission, 387 So.2d 446 (Fla. 1st DCA 1980).
In the recommended order, the hearing officer found as a conclusion of law that Dr. Nest had amply demonstrated he was able to resume the practice of medicine. The Board summarily rejected this finding.
Although stated in terms of a conclusion of law, the ability to practice with reasonable skill and safety is essentially an ultimate finding of fact. Johnston v. Department of Professional Regulation, Board of Medical Examiners, 456 So.2d 939 (Fla. 1st DCA 1984) (whether a physician has failed to practice medicine with the level of care, skill and treatment which is recognized by a reasonable physician as being acceptable is an issue of fact, susceptible to ordinary methods of proof). As there was competent substantial evidence in the record to support the hearing officer, the *990 Board was not entitled to disregard her finding and substitute its own. Section 120.57(1)(b)9, Florida Statutes (1983).
There is simply no evidence in the record to support the Board's conclusion that Dr. Nest did not show he was able to presently practice medicine with safety and skill. See, Purvis v. Dept. of Professional Regulation, Board of Veterinary Medicine, 461 So.2d 134 (Fla. 1st DCA 1984). The Board was aware from the start of Dr. Nest's commitment to his alcohol rehabilitation program, that its own medical consultant suggested licensure and, after formal hearing, that the hearing officer recommended licensure. The Board's attorneys and its consultant acknowledged that there was no proof that Dr. Nest was unable to safely practice and repeatedly advised the Board to adopt the recommended order on this basis. The Board's action therefore can only be characterized as an abuse of agency discretion.
For the foregoing reasons, the order of the Board is reversed and the cause remanded for entry of a new order based on the findings of fact and the conclusions of law of the hearing officer.
WENTWORTH and NIMMONS, JJ., concur.