BOOTH, Judge.
This cause is before us on appeal from a final order of the Florida Agricultural and Mechanical University (FAMU) awarding a bid to Feimster-Peterson, Inc. (Feimster). Feimster contends, inter alia, that the hearing officer (HO) erred in exceeding the scope of the issues presented at the bid protest hearing.
The facts are essentially undisputed. Appellant, the second-lowest bidder on the project to repaint and renovate Bragg Stadium, was successful in having the low bidder disqualified. Thereafter, however, FAMU rejected all bids because appellant’s bid was allegedly in excess of the amount budgeted for the project. Appellant protested and requested a hearing.
Meanwhile, in late February 1991, FAMU discovered that there was lead in the existing coating on Bragg Stadium. Citing the problems presented by the presence of lead, FAMU canceled the project, and the bid protest was transmitted to the Division of Administrative Hearings.
Final hearing was held, and the HO entered a recommended order finding that appellant was the lowest responsible bidder and entitled to award of the bid. The HO found that FAMU’s attempt to manipulate the preestablished construction figures was akin to fraud. In addition, the HO found that the presence of lead was not a sufficient reason for rejecting all the bids. Finally, the HO determined that under the contract, the bidders assumed the risk of the presence of lead, with the result that the bid was awarded to appellant but with the attendant obligation of lead removal.
FAMU adopted the HO’s recommended order in part but rejected, without explanation, the finding that FAMU’s actions were akin to fraud.
Feimster correctly contends that the HO exceeded the scope of the bid protest in ruling that under the contract the bidder assumed the risk of lead and thus had to absorb the cost of its removal. This issue was not before the HO. The only issue relating to the presence of lead was whether FAMU could reject all bids based on the discovery of lead in the structure. Once this issue was decided adversely to FAMU, all issues were resolved. The finder of fact may not rule upon issues which are outside the scope of the hearing. Sanders v. Bureau of Crimes Compensation, 474 So.2d 410 (Fla. 5th DCA 1985); Leonard Brothers Transfer & Storage Co. v. Douglass, 159 Fla. 510, 32 So.2d 156 (1947) (agency order may not extend beyond scope of hearing). That portion of the order below holding that the bidder assumed the risk of lead in the structure must be and is reversed.
*1335 Peimster’s request for fees below was denied. On appeal, Feimster argues that the agency’s egregious actions entitle it to recover fees and costs in prosecuting the matter below. Courtenay v. Department of Health and Rehabilitative Services, 581 So.2d 621 (Fla. 5th DCA 1991); Nest v. Department of Professional Regulation, 490 So.2d 987, appeal after remand, 522 So.2d 857 (Fla. 1st DCA 1987). We agree and award fees and costs incurred in the proceedings below.[1] See Baxter v. Florida Career Service Commission, 380 So.2d 1044, 1047 (Fla. 1st DCA 1980).
Accordingly, the order is reversed in part, affirmed in part, and remanded for proceedings consistent herewith.
SHIVERS and WEBSTER, JJ., concur.

. There was no timely request for appellate fees and costs, and such fees and costs are not in-eluded in this award,