695 So.2d 1305 (1997)
George A. and Ann F. BELLEAU, Crown Laundry & Dry Cleaners, Inc., and Crown Management Services, Inc., Appellants,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellee,
JURA SERVICES, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellee.
Nos. 96-2470, 96-2493.
District Court of Appeal of Florida, First District.
June 27, 1997.
*1306 Derek B. Spilman and John W. Wilcox of Akerman, Senterfitt & Eidson, P.A., Tampa, for Appellants George A. and Ann F. Belleau, Crown Laundry & Dry Cleaners, Inc. and Crown Management Services, Inc.
Thomas M. DeRose and R. Scott Ruth of Hopping Green Sams & Smith, P.A., Tallahassee, for Appellant Jura Services, Inc.
Jack Chisolm and David Thulman, Assistant General Counsels, Department of Environmental Protection, Tallahassee, for Appellee.
PER CURIAM.
These two appeals are from a final order entered by the Secretary of the Department of Environmental Protection, which found appellants liable for a corrective action order and investigatory costs in connection with perchlorethylene (PCE) contamination of a monitoring well. More specifically, the Secretary found appellants George A. and Ann F. Belleau, Crown Laundry & Dry Cleaners, Inc., and Crown Management Services, Inc., jointly and severally liable for violations of section 403.161(1)(a) and (b), Florida Statutes (1985), and for investigative costs under section 403.141(1), Florida Statutes (1985). She further found the above appellants along with appellant Jura Services, Inc., jointly and severally liable for investigative costs under section 403.727(4), Florida Statutes (1985). We reverse, because the Secretary improperly substituted her judgment for that of the hearing officer on the violation findings, and because the agency failed to provide notice of its intent to seek costs under section 403.727(4).
The hearing officer in this case found that the Department of Environmental Protection failed to adduce evidence sufficient to carry its burden of proving a violation of the groundwater standard for PCE caused by release of PCE from the facility appellants owned and operated. The hearing officer's findings in this regard are supported by competent, substantial evidence in the *1307 form of Dr. Mercer's expert testimony. The Secretary's findings and conclusion to the contrary are based on facts contrary to those found by the hearing officer. See Sunshine Jr. Stores, Inc. v. Department of Envtl. Reg., 556 So.2d 1177 (Fla. 1st DCA 1990) (en banc). The law is well established that an agency is bound to honor a hearing officer's findings of fact unless they are not supported by competent, substantial evidence. McDonald v. Department of Banking & Fin., 346 So.2d 569, 578 (Fla. 1st DCA 1977). It is the hearing officer's function to consider all the evidence, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence; the agency is not authorized to perform these functions or otherwise interpret the evidence to fit its desired ultimate conclusion. Heifetz v. Department of Business Reg., 475 So.2d 1277, 1281 (Fla. 1st DCA 1985). Accord Wash & Dry Vending Co. v. Department of Business Reg., 429 So.2d 790, 792 (Fla. 3d DCA 1983) (agency may not substitute its judgment for that of the hearing officer by taking a different view of or placing greater weight on the same evidence). Because the hearing officer's findings are supported by competent, substantial evidence, it was error for the Secretary to reject and/or modify them.
The Secretary also erred by imposing liability for investigatory costs under section 403.727(4), because the charging instruments did not provide the parties with sufficient notice of this claim.
REVERSED and REMANDED with instructions to enter a final order in accordance with the recommended order of the hearing officer.
ERVIN and KAHN, JJ., concur.
BENTON, J., dissents without opinion.