799 So.2d 276 (2001)
James STRICKLAND, Appellant,
v.
FLORIDA A & M UNIVERSITY, Appellee.
No. 1D00-4203.
District Court of Appeal of Florida, First District.
September 13, 2001.
Rehearing Denied November 14, 2001.
*277 Thomas W. Brooks of Meyer and Brooks, P.A., Tallahassee, for Appellant.
Bishop C. Holifield, General Counsel; Avery D. McKnight, Assistant General Counsel, Tallahassee, for Appellee.
LEWIS, J.
Appellant, James Strickland, seeks review of an administrative final order dismissing him from his tenured teaching position with Appellee, Florida A & M University (FAMU). Because only one issue raised by appellant merits discussion, we affirm the other claim without further comment. Appellant argues that Appellee improperly rejected the Administrative Law Judge's findings of fact and conclusions of law and substituted its own findings and conclusions based largely on hearsay and other evidence not relied on by the Administrative Law Judge. We agree that the Administrative Law Judge's Recommended Order was supported by competent substantial evidence. Therefore, we conclude that Appellee improperly substituted its own findings and conclusions for those of the Administrative Law Judge and reverse on this issue.

Background
Appellant taught in the Biology Department at FAMU for thirty years. Yolanda Gibson is a former student of Appellant's who filed a harassment complaint against Appellant. According to Gibson's complaint, Appellant and Henry Norton, a friend of Appellant's who operated a mobile concession stand on the FAMU campus, conspired to sexually harass Gibson by withholding her grades in an anatomy lecture class and lab for sexual favors. The FAMU Office of Equal Opportunity Programs (EOP Office) investigated Gibson's complaint against Appellant and determined that the allegations against Appellant were sufficient to conclude that Appellant had created an intimidating educational environment by manipulating Gibson's grades while encouraging her to perform sexually. By so doing, the EOP Office concluded, Appellant violated Florida Administrative Code Rule 6C3-10.103[1], prohibiting sexual harassment of students by faculty. Appellant was terminated on August 10, 1999, for the rule violation. Appellant petitioned for an administrative hearing on his dismissal.
At the administrative hearing, the evidence consisted mainly of the conflicting testimony of Gibson and Appellant. Gibson's testimony against Appellant was, to a large degree, based on statements made to her by Norton who did not testify. Gibson *278 testified that after she began working for Norton, he discovered that she was a student of Appellant's and that she was having difficulty with him in class and over her make-up grade. She claimed that he assured her that he would make things right with Appellant and take care of all of her problems. She also testified that Norton told her that Appellant liked her and that if she would be nice to him, she could get anything she wanted from him, including money, unlimited use of a credit card as well as her sought after make-up grade. Gibson further testified that Norton wanted to get money from Appellant to set up his own coffee shop and that he was using her to try to get that money. She stated that as time passed, Norton became more and more insistent that she be nice to Appellant and eventually began stating that she needed to have sex with him. She also claimed that Norton told her he was acting on Appellant's behalf. Appellant admitted that he had several conversations with Norton but denied the sexual harassment allegations. These conversations were limited to: 1) Appellant's need to contact Gibson about her lab duties; 2) Appellant's agreement to tutor Gibson and her roommate; and 3) Appellant's loan of money to Gibson to pay her rent or car payment.
Following the administrative hearing, the Administrative Law Judge issued a Recommended Order in which the credibility of the witnesses and the weight of the evidence were evaluated. Based on that evaluation, the Administrative Law Judge accepted the testimony of Appellant over that of Gibson. The Administrative Law Judge also concluded that the statements attributable to Norton constituted hearsay that could not be used to prove the sexual harassment charges against Appellant. She further found that even if admissible, Norton's statements were contrary to the greater weight of the evidence. The Administrative Law Judge ultimately concluded that Appellee had failed to prove that Appellant had violated Fla. Admin. Code R. 6C3-10.103 and recommended that Appellant be reinstated.
Appellee filed 35 exceptions to the Recommended Order. When issued on October 24, 2000, the Amended Final Order granted most of the filed exceptions, rejected a majority of the findings of fact and conclusions of law of the Recommended Order and confirmed Appellant's dismissal. This appeal followed.

Rejections and Modifications to the Recommended Order
Section 120.57(1)(l), Florida Statutes (2000), provides that an "agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based on competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law." Thus, it is an abuse of discretion to disregard the findings of fact that are based on competent substantial evidence. See Southpointe Pharmacy v. Dep't of Health and Rehab. Servs., 596 So.2d 106, 109 (Fla. 1st DCA 1992)("Where the hearing officer's findings of fact and reasonable inferences drawn therefrom are based upon competent and substantial evidence, it is a gross abuse of discretion for the agency to disregard those findings.") Further, the weighing of evidence and judging of the credibility of witnesses by the Administrative Law Judge are solely the prerogative of the Administrative Law Judge as finder of fact, particularly in this proceeding where the allegation of sexual harassment is ultimately a question of fact not infused with policy considerations. See Holmes v. Turlington, 480 So.2d 150 *279 (Fla. 1st DCA 1985)(deviation from a standard of conduct is essentially an ultimate finding of fact clearly within the realm of the hearing officer's fact-finding discretion). In addition, although hearsay is admissible in administrative proceedings, determinations of the Administrative Law Judge may not be based on hearsay alone. See § 120.57(1)(c); L.G.H. v. Dep't of Children and Family Serv., 735 So.2d 548 (Fla. 1st DCA 1999).
In this proceeding, where the allegation of sexual harassment is ultimately a question of fact, Appellee rejected essentially all of the principal findings of fact and ultimate findings included in the conclusions of law in the Recommended Order as not based on competent substantial evidence and substituted their own interpretation of the facts to arrive at a conclusion supporting dismissal. For example, Appellee rejected the Administrative Law Judge's conclusion that there was no persuasive evidence that Appellant's failure to turn in Gibson's grades until after the sexual harassment complaint was filed was sexually motivated. However, the record demonstrates that the Administrative Law Judge's conclusion was based on competent substantial evidence in the form of Appellant's testimony that he did not realize that Gibson's grades had not been changed until the filing of the complaint and that he had no intent to extract sexual favors from Gibson by withholding her grades or by any other means. In relying on this testimony, the Administrative Law Judge weighed the evidence and judged the credibility of the witnesses, and ultimately accepted Appellant's testimony over that of Gibson's. The Administrative Law Judge also declined to rely on the testimony of Gibson that included hearsay statements of Norton. In so doing, the Administrative Law Judge specifically concluded that the hearsay statements were inadmissible hearsay pursuant to section 120.57(1)(c), Florida Statutes. Appellee, however, accepted and relied on the Norton hearsay as the basis for its findings and conclusions.
Thus, based on our review of the record in the instant proceeding, the findings of fact and conclusions of law contained in the Administrative Law Judge's Recommended Order were supported by competent substantial evidence. Appellee violated the provisions of section 120.57(1)(l), Florida Statutes (2000), by rejecting the findings of fact and ultimate findings of fact set out in the conclusions of law of the Administrative Law Judge in the Recommended Order. See Bush v. Brogan, 725 So.2d 1237, 1239 (Fla. 2d DCA 1999)(an administrative agency may not reject a hearing officer's findings unless it is first determined that the findings were not based on competent substantial evidence or that the proceeding did not comply with the essential requirements of law from which the findings could reasonably be inferred). Further, Appellee erred by impermissibly reweighing the evidence. See F.U.S.A., FTP-NEA v. Hillsborough Community College, 440 So.2d 593 (Fla. 1st DCA 1983)(where evidence may be construed as supporting hearing officer's factual determination agency may not substitute its findings simply because it would have resolved factual questions differently). In addition, Appellee erred by incorrectly relying on hearsay evidence to support its findings. See Tassone v. Unemployment Appeals Comm'n, 662 So.2d 1003 (Fla. 1st DCA 1995)(substantial evidence supporting denial of unemployment compensation benefits cannot be based exclusively on hearsay evidence). We also agree with the Administrative Law Judge that even if Norton's hearsay statements were admissible, they were contrary to the greater weight of the evidence. Accordingly, it was an abuse of discretion *280 for Appellee to disregard the Administrative Law Judge's findings of fact and reasonable inferences drawn therefrom that are based on competent substantial evidence.

Conclusion
We conclude that Appellee abused its discretion in disregarding the Administrative Law Judge's findings of fact and reasonable inferences drawn therefrom that were based on competent substantial evidence. Therefore, this cause is reversed, in part, and remanded with directions that Appellee adopt the Administrative Law Judge's Recommended Order.
AFFIRMED, in part; REVERSED in part and REMANDED with directions.
BARFIELD, and WOLF, JJ., concur.
NOTES
[1] Florida Administrative Code Rule 6C3-10.103(6)(b) defines harassment as:

1. Any slurs, innuendos or other verbal or physical conduct reflecting on an individual's race, ethnic background, gender or handicapping condition which has the purpose or effect of creating an intimidating, hostile or offensive educational or work environment; has the purpose or effect of unreasonably interfering with the individual's work or school performance or participation; or otherwise adversely affects an individual's employment or educational opportunities.
2. The denial of or the provision of aid, benefits, grades, rewards, employment, faculty assistance, services, or treatment on the basis of sexual advances or requests for sexual favors.
3. Sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment or educational career; submission to or rejection of such conduct is used as a basis for educational or employment decisions affecting the individual; or such conduct has the purpose or effect of unreasonably interfering with an individual's work or educational performance or creating an intimidating, hostile or offensive working or educational environment.