983 So.2d 11 (2008)
B.J., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 1D06-6103.
District Court of Appeal of Florida, First District.
March 31, 2008.
Opinion Denying Rehearing and Clarification June 5, 2008.
*12 Gerald B. Stewart, Jacksonville, for Appellant.
Robin Whipple-Hunter, Assistant General Counsel, Department of Department of Children and Family Services, Jacksonville, for Appellee.
WOLF, J.
We have one issue before us: whether the Department of Children and Family Services (Department) erred in rejecting the Administrative Law Judge's (ALJ) recommendation to grant appellant's request for an exemption from disqualification pursuant to section 435.07(3), Florida Statutes (2005). We find the Department erred in rejecting the findings of fact of the ALJ, quash the order, and remand to the Department for issuance of an order granting the exemption.
On June 23, 2006, the ALJ issued a 10-page Recommended Order specifically outlining over twenty detailed findings of fact that recommended granting the request for exemption from disqualification. The following pertinent provision, labeled a finding of fact, was included in the Recommended Order:
18. Petitioner has demonstrated rehabilitation by clear and convincing evidence. It has been eight years since his arrests, and there have been no further incidents. Further, for almost four of those eight years, he has been employed in child care without complaint, thereby demonstrating clearly and convincingly that he is not a risk to the safety and well-being of the children he transports and monitors.
As a conclusion of law, the Recommended Order further stated:
27. Petitioner has demonstrated by clear and convincing evidence that he has rehabilitated himself and that he is entitled to an exemption from his disqualification from employment in child care.
In contrast to the Recommended Order, the Department issued a two-page Final Order, on October 23, 2006, denying appellant's request for an exemption. The Final Order took issue with paragraphs 18 and 27 of the Recommended Order and stated, in pertinent part:
I cannot agree that petitioner's evidence is clear and convincing. Petitioner's testimony is obviously self-serving. Additionally, petitioner's testimony concerning the disqualifying offenses was quite vague. He professed to being unable to remember details of the offenses or of their disposition. . . . Finally, the mere absence of arrest or conviction for subsequent *13 criminality, while certainly a positive for petitioner, does not clearly and convincingly establish his rehabilitation.
Accordingly, petitioner's request for an exemption from disqualification from employment in a position of special trust is hereby DENIED.
(Footnote omitted; citation omitted). "The law is well established that an agency is bound to honor a[n ALJ's] findings of fact unless they are not supported by competent, substantial evidence." Belleau v. Dep't of Envtl. Prot., 695 So.2d 1305, 1307 (Fla. 1st DCA 1997). However, an agency may reject conclusions of law without limitation. Szniatkiewicz v. Unemployment Appeals Comm'n, 864 So.2d 498, 502 (Fla. 4th DCA 2004).
In K.J.S. v. Department of Children & Family Services, 974 So.2d 1106 (Fla. 1st DCA 2007), this court considered appellant's challenge to the Department's Final Order denying his request for an exemption pursuant to section 435.07(3), Florida Statutes (2005), based on the assertion that the Final Order impermissibly rejected the ALJ's recommendation to grant the exemption. In discussing the discretion allowed the Department in rejecting the ALJ's Recommended Order, this court noted:
Section 435.07, Florida Statutes (2005), provides that "[t]he appropriate licensing agency may grant to any employee otherwise disqualified from employment an exemption from disqualification." (emphasis added). Thus, the Department has broad discretion to grant or deny exemptions. However, an agency's discretion is not unbridled; discretionary agency action is subject to a review for reasonableness. Astral Liquors, Inc. v. Dep't of Bus. Regulation, 463 So.2d 1130, 1132 (Fla.1985).
The weight or credibility of witness testimony is a factual finding made by the hearing officer. See Strickland v. Fla. A & M Univ., 799 So.2d 276 (Fla. 1st DCA 2001); Tuveson v. Fla. Governor's Council on Indian Affairs, Inc., 495 So.2d 790, 793 (Fla. 1st DCA 1986). Section 120.57(1)(l), Florida Statutes (2005), provides that after an administrative hearing, an "agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence." The Department failed to comply with this statutory requirement.
Id. at 1109. After discussing the standard of review, this court noted:
In the instant case, the Department rejected the detailed findings of fact made by the ALJ to reach an opposite conclusion. The ALJ made specific findings of fact regarding the weight and credibility to be given to the evidence. The ALJ balanced the evidence of K.J.S.'s inaccurate account of his role in the very serious past crimes and the review committee's concerns about those statements and crimes, on the one hand, against the overwhelming evidence of K.J.S.'s life rehabilitation during his incarceration and since his release, to find that clear and overwhelming evidence of rehabilitation had been presented, so that an exemption should be granted. However, the Department ignored these factual findings (which are supported by competent, substantial evidence) and, instead, re-weighed the evidence by balancing the very same facts to conclude that the exemption should be denied. This constitutes an abuse of discretion. See Strickland, 799 So.2d at 279.

*14 Moreover, the Department failed to review the entire record or state with particularity that the findings lack competent, substantial evidence. See Pillsbury, 744 So.2d at 1041 (noting that the final order did not comply with the requirements of chapter 120, Florida Statutes, in that the order did not establish that the Department had reviewed the complete record, and the Department erroneously rejected the hearing officer's factual findings of rehabilitation without indicating that such findings were not supported by competent, substantial evidence); Nest v. Dep't of Prof'l Regulation, Bd. of Med. Examiners, 490 So.2d 987, 989-90 (Fla. 1st DCA 1986). . . . As the finder of fact, the ALJ was in a unique position to assess witness demeanor and credibility and weigh the evidence based upon his first-hand observation of each witness. The Department's rejection of the ALJ's nuanced fact-findings required, at the very least, that the full record be reviewed to determine whether the weight assigned by the ALJ to such testimony lacked a basis in competent, substantial evidence. Absent the Department's compliance with the applicable statutes and interpretive case law, we are compelled to conclude that the Department's rejection of the ALJ's factual findings in this case is unreasonable and constitutes an abuse of discretion.
Id. at 1109-10 (emphasis added; footnote omitted). In the instant case, similar to the Department's final order in K.J.S., the Department rejected the ALJ's recommendation based on a very general statement.
Further, the Department's rejection of the Recommended Order focuses on issues of credibility which may not be reweighed. See Strickland, 799 So.2d at 276 (holding that the weight or credibility of witness testimony is a factual finding made by the hearing officer); Tuveson, 495 So.2d at 793. Additionally, the Final Order is completely devoid of an express finding that the ALJ's recommendation was not based on competent substantial evidence. The Department merely reweighed the probative value to be given the testimony and questions the quality of the evidence presented, without stating that the ALJ's Recommended Order erroneously found that competent substantial evidence supported the granting of the exemption.
A review of the record evidences that the ALJ's findings of fact are supported by competent substantial evidence and, thus, should not be overturned. Specifically, the Recommended Order includes twenty findings of fact, supported by the record, which demonstrate that (1) appellant had been honest and forthright regarding his previous convictions; (2) appellant had successfully rehabilitated based on testimony establishing his rapport and good nature with both his own children as well as the children at the center where he was employed; (3) appellant had not been involved in any similar incidents in the last eight years; (4) appellant and his ex-wife, the victim of the earlier incidents, shared a mutually cooperative and friendly relationship; and (5) appellant had been working in the child care field for over four years without any complaints or incidents. Accordingly, because the Final Order improperly reweighed the ALJ's findings of fact, which are based on competent substantial evidence, we reverse. K.J.S., 974 So.2d at 1109-10.
KAHN and VAN NORTWICK, JJ., concur.

ON MOTION FOR REHEARING
WOLF, J.
Appellant, the Department, filed a motion for rehearing/clarification asserting *15 conflict existed between the underlying opinion and this court's previous opinion in Heburn v. Department of Children & Families, 772 So.2d 561 (Fla. 1st DCA 2000). We deny the motion for rehearing but write to address the distinction between Heburn and the underlying case.[1]
While Heburn is a similar case on the facts, it is distinguishable. In Heburn, appellant sought employment as a mental-health counselor after being previously convicted of possession of marijuana on school property with intent to sell and armed robbery. Id. at 562. However, because of his convictions, Heburn was disqualified pursuant to section 435.04, Florida Statutes (1997). Id. Heburn sought an exemption from disqualification pursuant to section 435.07, Florida Statutes (1997). Id. After an exemption review committee denied his request, Heburn contested this ruling in an administrative hearing pursuant to section 120.57(1), Florida Statutes. Id.
Similar to the ALJ in appellant's case, the ALJ in Heburn found in the recommended order that Heburn had presented clear and convincing evidence of rehabilitation, so that he should not be disqualified from the employment in question. Id. Further, like the ALJ in the instant case, the ALJ in Heburn found Heburn did not present a danger to the childcare industry if allowed to be employed in a position of trust and responsibility. Id. Additionally, in its final order, the Department expressly accepted the ALJ's factual findings but denied an exemption for Heburn, noting the severity of Heburn's offenses, the amount of time since his last incarceration, and the lack of sufficient evidence of rehabilitation to demonstrate entitlement to an exemption. Id. at 563.
Like Heburn, appellant contends that the Department cannot reject the ALJ's findings that appellant had successfully rehabilitated. Unlike the instant case, in Heburn, the Department gave express reasons for its rejection, asserting that Heburn had spent many years in a lifestyle of drugs and crime and had been given many opportunities to reform before being sentenced to nine years' incarceration, from which he was released in 1996 after serving five years. Id. In reviewing the Department's rejection of the recommended order, this court agreed with the Department's contention (in exercising its statutory discretion) that the length of time since Heburn's last incarceration was not sufficiently long to grant an exemption, given the severity of the offenses. Id. This court noted that the statutory exemption is not provided as a matter of right and that "[a]n exemption from a statute, enacted to protect the public welfare, is strictly construed against the person claiming the exemption. . . ." Id. This court concluded that the Department's rejection of Heburn's request for an exemption was not unreasonable and that the evidence relating to the severity of the crimes and the length of time that had elapsed was undisputed. Accordingly, the Department's final order was affirmed. Id. at 564.
In the instant case, the Department rejected paragraphs 18 & 27 of the Recommended Order. Paragraph 18, under "Findings of Fact," states that appellant *16 has established through clear and convincing evidence that (1) it has been 8 years since his misdemeanor domestic battery offense, (2) he has been working in the child-care industry for almost four years without incident, and (3) he has been rehabilitated and poses no threat to children in a day-care setting. Paragraph 27, under "Conclusions of Law," states that "petitioner has demonstrated by clear and convincing evidence that he has rehabilitated himself and that he is entitled to an exemption from his disqualification from employment in child care."
One might argue that in Appellant's case, as in Heburn, the Department was entitled to reject the ALJ's ultimate conclusion that clear and convincing evidence demonstrated Appellant's complete rehabilitation. See Phillips, 736 So.2d at 119 ("[E]ven if Phillips' presentation constituted clear, convincing, and unrefuted evidence that he qualified for an exemption, the agency was not under any obligation to give him one."). However, the instant record differs from Heburn in several respects. First, the Department expressly rejected the ALJ's "findings of fact" by rejecting paragraph 18. Further, the reason for this rejection clearly involves a rejection of the findings of fact rather than conclusions of law. Specifically, the Department's rejection is based on the following:
I cannot agree that petitioner's evidence is clear and convincing. Petitioner's testimony is obviously self-serving. Additionally, petitioner's testimony concerning the disqualifying offenses was quite vague. He professed to being unable to remember details of the offenses or of their disposition. . . .
Unlike the Department's rejection in Heburn, this rejection is based primarily on a rejection of the ALJ's determination of credibility rather than insufficient evidence. The Department may not reject the Recommended Order's findings of fact regarding credibility; these are issues within the discretion of the ALJ and they may not be re-weighed. Strickland v. Fla. A & M Univ., 799 So.2d 276 (Fla. 1st DCA 2001) (holding that the weight or credibility of witness testimony is a factual finding made by the hearing officer); Tuveson v. Fla. Governor's Council on Indian Affairs, Inc., 495 So.2d 790, 793 (Fla. 1st DCA 1986).
Accordingly, we deny the Department's request for rehearing/clarification because the holding of Heburn does not address the Department's ability to reject factual credibility determinations of the ALJ; thus, it does not expressly conflict with the instant opinion, which is based on the pertinent wording of the Department's final order re-weighing the credibility of witnesses.
KAHN and VAN NORTWICK, JJ., concur.
NOTES
[1] The Department further asserts Phillips v. Department of Juvenile Justice, 736 So.2d 118 (Fla. 4th DCA 1999), is in direct conflict with the underlying opinion. While Phillips requires that broad discretion be granted to an agency on the matter of exemptions pursuant to section 435.07, the decision does not address to what extent the agency must accept an ALJ's recommendation or how that "broad discretion" changes based on existing case law regarding the acceptance of an ALJ's findings of fact. Id. Thus, it does not appear Phillips requires further distinguishing.