# Third District Court of Appeal

## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1158
Lower Tribunal Nos. DOH Case No. 2019-17732 & DOAH Case No. 21-2481PL

_____

**Sergio Arturo Alvarez, M.D.,**
Appellant,

vs.

**State of Florida, Department of Health, Board of Medicine,**
Appellee.

An Appeal from the State of Florida, Department of Health, Board of Medicine.

Ellsworth Law Firm, P.A., and Sean M. Ellsworth, for appellant.

Sarah Young Hodges, Chief Appellate Counsel (Tallahassee), for appellee.

Before LINDSEY, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See Waters v. Dep't of Health, Bd. of Med., 962 So. 2d 1011, 1013 (Fla. 3d DCA 2007) ("The Department's ruling may be set aside only

upon a finding that it is not supported by substantial competent evidence in the record or that there are material errors in procedure, incorrect interpretations of law, or an abuse of discretion."); Galvan v. Dep't of Health, 285 So. 3d 975, 979 (Fla. 3d DCA 2019); Hale v. State Bd. of Admin., 360 So. 3d 817, 821–22 (Fla. 1st DCA 2023) (applying section 120.68(7)(c), Florida Statutes, and affirming State Board of Administration's final order despite agency's failure to follow procedure for modifications of recommended order where appellant "fails to show that the result of the administrative proceeding would have been different without the procedural errors in the final order"); Strickland v. Fla. A & M Univ., 799 So. 2d 276, 279 (Fla. 1st DCA 2001) (explaining that hearsay is admissible in administrative proceedings but may not form sole basis for administrative law judge's determinations); see also § 120.68(7),(8), Fla. Stat. (2022); § 120.57(1)(c), Fla. Stat. (2022).