736 So.2d 118 (1999)
Calvin PHILLIPS, Appellant,
v.
DEPARTMENT OF JUVENILE JUSTICE, Appellee.
No. 97-4445.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
Stuart B. Klein of Klein & Klein, P.A., West Palm Beach, for appellant.
*119 John Milla, Assistant General Counsel, Tallahassee, for appellee.
PER CURIAM.
Calvin Phillips appeals from a final administrative order denying his request for an exemption from his disqualification from employment. We affirm.
The appellant, Calvin Phillips, is an ex-professional football player who has a bachelor's degree in social work and who began working at Parent-Child Center, Inc., a not-for-profit mental outpatient facility, as a case manager and co-group facilitator for adolescents in 1992. In 1997 he applied for the job of Youth Program Coordinator for the CHOICES Program, a position of special trust and responsibility that requires working with juveniles in the Department of Juvenile Justice. As part of the application process, he submitted to a FCIC/NCIC and DHSMV background check, which revealed that he had a charge of carrying a concealed weapon (3/6/89-arrest sealed); a charge of firing a weapon into an occupied dwelling (9/23/93-adjudication withheld), and a charge of domestic battery (9/23/93-adjudication withheld). §§ 39.001(2), 435.04, Fla. Stat. (1997).
Appellant requested an exemption from disqualification, pursuant to section 435.07, Florida Statutes (1997), which he supported with written explanation of the incidents, letters of recommendation from a variety of organizations and individuals, proof of training he had received, and a psychological evaluation. The various letters of recommendation agree that the appellant has changed and would be a benefit to the department. The letters state that the appellant is loyal, dependable, trustworthy, caring, concerned and is an individual who works to rehabilitate youth into productive members of society. The psychiatric evaluation states that in terms of violence and aggression, the appellant only had this one episode (domestic battery) in his life and that the appellant successfully completed his probation and anger management classes. The report also states that the appellant has a long-standing history of working with children and is well respected by his peers and colleagues. The evaluation further states that there has been no other violent behavior. The Department presented no evidence. The agency denied the exemption.
Section 435.07(1), Florida Statutes (1997), gives discretion to the agency to give individuals an exemption for the enumerated acts. It, thus, follows that even if Phillips' presentation constituted clear, convincing, and unrefuted evidence that he qualified for an exemption, the agency was not under any obligation to give him one. This court may not substitute its judgment for that of the agency on an issue of discretion. See Thomas v. Department of Juvenile Justice, 24 Fla. L. Weekly D932, 730 So.2d 809 (Fla. 3d DCA 1999). Accordingly, under the facts of this case,[1] we must affirm.
AFFIRMED.
GUNTHER and POLEN, JJ., and WEINSTEIN, PETER M., Associate Judge, concur.
NOTES
[1] Although the final order sets forth no specific findings of fact in support of the decision, the evidence presented by Phillips was undisputed. As such, we do not believe reversal is required for specific findings.