772 So.2d 561 (2000)
Scott HEBURN, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D99-4542.
District Court of Appeal of Florida, First District.
October 23, 2000.
Rehearing Denied December 6, 2000.
*562 Jerry G. Traynham of Patterson & Traynham, Tallahassee, for Appellant.
John R. Perry, Assistant District Legal Counsel, Department of Children and Families, for Appellee.
VAN NORTWICK, J.
Scott Heburn appeals a final order of the Department of Children and Families determining that he is not entitled to an exemption under section 435.07(3), Florida Statutes (1997). Because we find no abuse of the agency's discretion, we affirm.
Heburn seeks to become employed as a mental health counselor with Tallahassee Memorial Hospital. Because of his commission of the two offenses of possession of marijuana on school property with intent to sell in 1986 and armed robbery in 1991, he was disqualified from such a "position of trust" pursuant to section 435.04, Florida Statutes (1997). Heburn sought an exemption under section 435.07(3), which provides, as follows:
(3) In order for a licensing department to grant an exemption to any employee, the employee must demonstrate by clear and convincing evidence that the employee should not be disqualified from employment. Employees seeking an exemption have the burden of setting forth sufficient evidence of rehabilitation, including, but not limited to, the circumstances surrounding the criminal incident for which an exemption is sought, the time period that has elapsed since the incident, the nature of the harm caused to the victim, and the history of the employee since the incident, or any other evidence or circumstances indicating that the employee will not present a danger if continued employment is allowed. The decision of the licensing department regarding an exemption may be contested through the hearing procedures set forth in chapter 120.
Initially, Heburn appeared before a committee formed by the Department of Children and Families to consider his request for exemption. The committee denied his request. Heburn then contested the denial in a hearing under section 120.57(1).
Following an evidentiary hearing, for which no transcript has been filed as a part of the record of this appeal, the administrative law judge found and concluded as follows:
44. Petitioner has presented clear and convincing evidence that Petitioner not be disqualified from employment in a position of trust or responsibility. The evidence presented by Petitioner is sufficient to show rehabilitation, taking into account the circumstances surrounding the criminal incidents for which the exemption is sought, the time period that elapsed since those incidents, the nature of harm to a victim of the robbery, and the potential harm to the victim of the sale of cannabis (marijuana), if the possession with intent to sell had been consummated, and Petitioner's history between the time of his involvement with the drug offense and the robbery and the present. Petitioner's past lifestyle was deplorable. Petitioner's history beyond the point of his confinement in prison and its early stages, has been commendable, so much so that Petitioner is not found to present a danger if allowed to be employed in a position of trust or responsibility, "mental health personnel." Petitioner has shown evidence that his life has positively changed in that he has ceased engaging in reprehensible conduct and actively opposes the form of conduct that led to his employment disqualification. That opposition *563 is expressed by encouraging others to refrain from his former lifestyle.
Thereafter, the Secretary of the Department entered a final order, accepting the findings of fact of the administrative law judge, but denying the exemption. In pertinent part, the order states:
However, I do not agree that the petitioner has demonstrated by clear and convincing evidence that he is entitled to an exemption. Due to the severity of the offenses and the amount of time since the petitioner's last incarceration, insufficient evidence of rehabilitation has been demonstrated to justify an exemption.
Accordingly, it is ORDERED that petitioner's application for an exemption from disqualification from employment in a position of trust or responsibility in mental health pursuant to section 435.07, Florida Statutes, is denied.
On appeal, Heburn argues that the agency could not reject the hearing officer's conclusion that he had presented clear and convincing evidence of rehabilitation, because that conclusion constituted an ultimate finding of fact not modifiable without a complete review of the entire record and a determination that the finding was not supported by competent substantial evidence. Pillsbury v. State, Dep't of Health and Rehabilitative Servs., 744 So.2d 1040 (Fla. 2d DCA 1999).
The Department points out that Heburn spent many years in a lifestyle of drugs and crime. In addition to his convictions for two disqualifying offenses, Heburn had convictions for several other nondisqualifying offenses. He was given many opportunities to change before he was finally sentenced to nine years in jail, from which he was released on October 1, 1996, after serving approximately five years in prison. Accordingly, the Department contends that its conclusion that the length of time since Heburn's last incarceration is not a sufficiently long period of time to grant an exemption, given the severity of the offenses, is a conclusion within its statutory discretion. We agree.
In section 435.07, the legislature has not provided for an exemption as a matter of right, but has delegated to the Department the broad discretion to grant an exemption. Subsection (1) of section 435.07 provides that "[t]he appropriate licensing agency may grant to any employee otherwise disqualified from employment an exemption from disqualification ...." (emphasis added).
An exemption from a statute, enacted to protect the public welfare, is strictly construed against the person claiming the exemption, and the Department was not required to grant Heburn any benefits under the exemption. See State v. Nourse, 340 So.2d 966, 969 (Fla. 3d DCA 1976). The discretion accorded the agency in this case is analogous to, but perhaps even broader than, the discretion accorded a licensing agency determining the physical fitness of applicants to engage in a business or occupation potentially injurious to the public welfare. Cf. Astral Liquors v. Dep't of Business Regulation, 463 So.2d 1130 (Fla.1985) (agency exercises broad discretionary authority on the question of whether to transfer liquor license when entitlement is a privilege rather than a right).
The Department's exercise of discretion is sufficiently circumscribed by the standards set forth in section 435.07(3). That discretion can be judicially reviewed to determine whether it meets the standard of reasonableness. See Astral Liquors, 463 So.2d at 1132.
Having reviewed the order before us, we conclude the Department's decision is not unreasonable, and not outside the range of discretion delegated to that agency. § 120.68(7)(e)1, Fla. Stat. It was not necessary for the Department to review the transcript before modifying the hearing officer's recommendation, because the evidence as to the severity of the offenses and the length of time that has elapsed is *564 not subject to dispute. See Phillips v. Department of Juvenile Justice, 736 So.2d 118, 119 n. 1 (Fla. 4th DCA 1999); compare Roberts v. Department of Corrections, 690 So.2d 1383, 1384 (Fla. 1st DCA 1997)(whether penalty should be mitigated is a highly fact-specific consideration so that transcript must be reviewed before PERC can disregard the fact finder's recommendation as to penalty). In sum, finding no abuse of discretion, we affirm.
AFFIRMED.
JOANOS AND LAWRENCE, JJ., CONCUR.