WETHERELL, J.
J.D. appeals a final order of the Department of Children and Families (DCF) denying her request for an exemption from disqualification under section 435.07, Florida Statutes (2011). J.D. contends that DCF erred in rejecting the administrative law judge’s (ALJ’s) recommendation that she be granted an exemption because she met her burden to demonstrate rehabilitation. We conclude that, under the circumstances of this case, DCF did not abuse its discretion in denying the exemption request despite its erroneous rejection of the ALJ’s finding of rehabilitation. Accordingly, we affirm the final order.
In May 2011, DCF informed J.D. that she was not eligible to work in a position having direct contact with children or vulnerable adults served by programs administered by DCF because of two disqualifying offenses: a 1988 conviction for purchase of cocaine and a 1989 conviction for child abuse. J.D. requested an exemption from disqualification under section 435.07. DCF denied the exemption request based on its “concern regarding [J.D.J’s anger management history and lack of treatment” and the fact that “one incident included choking her 13 y/o son with a coat hanger.”
J.D. timely requested an administrative hearing. The request was referred to the Division of Administrative Hearings for *1129 the assignment of an ALJ to conduct the hearing. The transcript of the hearing was not filed below and is not part of the record on appeal.
After the hearing, the ALJ issued a recommended order containing findings of fact, conclusions of law, and a recommendation that DCF “enter a final order granting ... J.D.’s request for an exemption from disqualification.” The recommended order detailed J.D.’s criminal history, which in addition to the two disqualifying offenses, included four arrests between 1999 and 2001,[1] but also found that “since 1999, [J.D.] has had no documented instances where she has displayed an inability to regulate her emotions or otherwise temper her expressions of anger.” Additionally, the “conclusions of law” section of the recommended order explained:
13. [DCF] ... denied [J.D.]’s request for exemption due to ‘concerns regarding [her] anger management history and lack of treatment [where] [o]ne incident included choking her 13 year old son with a coat hanger.’ While it is true that [J.D.] did choke her son, it is not accurate to say that she choked her son with a coat hanger. Equally important, however, for purposes of the instant proceeding, is the fact that this incident, though unfortunate, occurred more than 23 years ago.
14. On July 17, 1999, [J.D.] joined and became a member of Mt. Pleasant Baptist Church where to this day, she remains an active and devoted parishioner. The last episode where [J.D.] exhibited conduct demonstrating an inability on her part to manage her feelings of anger occurred on November 2, 1999. [J.D.] has obviously acquired and been able to utilize certain coping strategies that have allowed her to successfully manage any emotions of anger that she may have felt during the last 12 1/2 years. It matters not that [J.D.] may have primarily acquired her coping strategies through her relationship with Mt. Pleasant Baptist Church, as opposed to traditional psychotherapy, as suggested by [DCF], By proving the absence of anger management failures during the last 12 1/2 years, [J.D.] has established by clear and convincing evidence that she has overcome her previous inability to control her temper.
15. Not only has [J.D.] learned how to control the expression of her feelings of anger, but she has also implemented a commendable self-improvement plan that has yielded extremely positive results. [J.D.] has had stable employment for many years, she has successfully completed drug treatment and support-related activities, and she is currently working on a degree in human services at Hillsborough County Community College. [J.D.] is to be applauded for turning her life around.
16. In considering the instant record, it was arbitrary for [DCF] to conclude that [J.D.]’s request for exemption should be denied due to concerns about her anger management history and lack of documented treatment related thereto. [J.D.] has met her burden of clearly and convincingly demonstrating that she is rehabilitated and, accordingly, she should not be disqualified from employment in a Position of Special Trust.
In the final order, DCF accepted the findings of fact and conclusions of law in *1130 the recommended order, except for the last sentence of paragraph 14 and paragraph 16 in its entirety. The final order explained:
I do not disagree with the ALJ’s conclusion [J.D.] has made significant strides in her life over the past ten years. [J.D.] may well be an appropriate candidate for an exemption from an agency other than [DCF]. An exemption from [DCF] would permit [J.D.], without further scrutiny, to act in a custodial or familial role with children in a variety of settings. [J.D.], in fact, seeks an exemption from [DCF] in order to volunteer at a shelter home for mothers with young children. [J.D.] was convicted of criminal child abuse for an incident involving her own son in 1989, and was arrested more than ten years later following another domestic altercation. Although [J.D.] has not been arrested for violence since completing drug treatment and becoming active in her church in 2002, I cannot conclude she poses no danger to vulnerable children who may be placed in her care.
Based on this reasoning, the final order denied J.D.’s request for an exemption from disqualification. This timely appeal followed.
An agency’s decision to grant or deny an exemption is subject to the deferential abuse of discretion standard of review. See Heburn v. Dep’t of Children & Families, 772 So.2d 561, 563 (Fla. 1st DCA 2000). Under this standard, “[i]f reasonable men could differ as to the propriety of the action taken by the [lower tribunal], then the action is not unreasonable and there can be no finding of an abuse of discretion.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980); see also id. (“Discretion ... is abused when the ... action is arbitrary, fanciful, or unreasonable ....”) (quoting Delno v. Market Street Railway Co., 124 F.2d 965, 967 (9th Cir.1942)).
Individuals such as J.D. who are seeking to work in a position having direct contact with children or vulnerable adults served by programs administered by DCF are required to undergo a Level 2 background screening. See § 402.305, Fla. Stat. The purpose of the screening is to determine whether the individual has been arrested for or convicted of certain enumerated disqualifying offenses, including felony drug offenses and child abuse. See § 435.04(2)(hh), (rr), Fla. Stat.
An individual who has a disqualifying offense may request an exemption from disqualification from the head of the appropriate agency, which in this case is the Secretary of DCF. See § 435.07(1), Fla. Stat. The agency head is authorized to grant an exemption for certain disqualifying offenses, including felonies such as those committed by J.D. for which the sentence expired more than three years prior to the request for an exemption. See § 435.07(l)(a), Fla. Stat.
To be eligible for an exemption, the applicant has the burden to demonstrate that he or she should not be disqualified from employment by “setting forth clear and convincing evidence of rehabilitation.” § 435.07(3)(a), Fla. Stat. In determining whether the applicant has met this burden, the agency head is to consider matters such as:
the circumstances surrounding the criminal incident for which an exemption is sought, the time period that has elapsed since the incident, the nature of the harm caused to the victim, and the history of the [applicant] since the incident, or any other evidence or circumstances indicating that the [applicant] will not present a danger if employment or continued employment is allowed.
*1131 Id. Additionally, the agency head may consider whether the applicant has been arrested for or convicted of another crime subsequent to the conviction for the disqualifying offense for which the exemption is being sought, even if the new crime is not a disqualifying offense. § 435.07(3)(b), Fla. Stat.
The ultimate issue of fact to be determined in a proceeding under section 435.07 is whether the applicant has demonstrated rehabilitation by clear and convincing evidence. But even if rehabilitation is shown, the applicant is only eligible for an exemption, not entitled to one. The agency head still has the discretion to deny the exemption notwithstanding the showing of rehabilitation, but he or she must articulate the rationale for doing so in order to facilitate judicial review. See Heburn, 772 So.2d at 563-64; Phillips v. Dep’t of Juvenile Justice, 736 So.2d 118, 119 (Fla. 4th DCA 1999) (“[Ejven if Phillips’ presentation constituted clear, convincing, and un-refuted evidence that he qualified for an exemption, the agency was not under any obligation to give him one.”).
The agency head’s preliminary decision may be “contested” pursuant to section 435.07(3)(c). This statute, as amended in 2010,[2] provides:
The decision of the agency head regarding an exemption may be contested through the hearing procedures set forth in chapter 120. The standard of review by the administrative law judge is whether the agency’s intended action is an abuse of discretion.
The parties disagree as to the proper scope and focus of the proceeding contemplated by section 435.07(3)(c).[3] J.D. argues that the role of the ALJ in such a proceeding is to determine whether the applicant demonstrated that he or she is rehabilitated and, based on that finding, to recommend whether the exemption should be granted or denied. DCF argues that *1132 based on the language in the second sentence of the statute, the role of the ALJ is to conduct a quasi-appellate review of the reasonableness of the agency’s intended action on the exemption request and not to determine whether the applicant is rehabilitated or to recommend whether the exemption should be granted or denied. We do not think either of these positions is entirely correct.
The first sentence of section 435.07(3)(c) suggests that the Legislature intended a “typical” chapter 120 proceeding in which the purpose is to “formulate final agency action, not to review action taken earlier and preliminarily.” McDonald v. Dep’t of Banking and Fin., 346 So.2d 569, 584 (Fla. 1st DCA 1977); see also Couch Const. Co. v. Dep't of Transp., 361 So.2d 172, 176 (Fla. 1st DCA 1978) (explaining that chapter 120 hearings “are designed to give affected parties an opportunity to change the agency’s mind”); § 120.57(l)(k), Fla. Stat. (“All proceedings conducted under this subsection shall be de novo.”). However, the reference in the second sentence to a “standard of review” suggests that the ALJ is to conduct a quasi-appellate review of the agency’s preliminary decision and not to create a new evidentiary record to be used in formulating final agency action or to recommend what the final agency action should be.
If the statute were construed to require the ALJ to conduct a quasi-appellate review of the agency’s preliminary decision based only on the facts available to the agency when it made its decision,[4] then the provisions of the first sentence of the statute referring to “the hearing procedures set forth in chapter 120” would be rendered meaningless because those procedures contemplate the presentation and consideration of new evidence. See generally §§ 120.569, 120.57(1), Fla. Stat. By contrast, if, as J.D. appears to argue, the statute were construed to allow the ALJ to conduct a “typical” chapter 120 hearing to formulate final agency action in which the agency’s preliminary decision is given no deference, then the provisions of the second sentence referring to a review of the agency’s intended action based on an appellate standard of review would be rendered meaningless.
We are required to construe statutes in a way that gives meaning and effect to all of their provisions. See Bennett v. St. Vincent’s Med. Ctr., Inc., 71 So.3d 828, 838 (Fla.2011). Doing so here leads to the conclusion that although the ultimate legal issue to be determined by the ALJ in a proceeding under section 435.07(3)(c) is whether the agency head’s intended action was an “abuse of discretion,” the ALJ is to evaluate that question based on the facts determined from the evidence presented at a de novo chapter 120 hearing.
This is akin to the role of the ALJ in a bid protest proceeding under section 120.57(3) where the ALJ is charged with reviewing the agency’s proposed action against appellate-like “standard[s] of proof.” See § 120.57(3)(f), Fla. Stat. (requiring the ALJ to determine whether a proposed bid award is “clearly erroneous, contrary to competition, arbitrary, capricious” or, in the case of a rejection of all bids, whether the action was “illegal, arbitrary, dishonest, or fraudulent”). The hearing in a bid protest proceeding is “de novo,” id., but its purpose is to “evaluate the action taken by the agency.” State Contracting and Engineering Corporation v. Department of Transportation, 709 *1133 So.2d 607, 609 (Fla. 1st DCA 1998); see also Intercontinental Props., Inc. v. Dep’t of Health & Rehab. Servs., 606 So.2d 380, 386 (Fla. 3d DCA 1992) (explaining that, in the context of a bid protest, a de novo proceeding “simply means that there was an evidentiary hearing ... for administrative review purposes” and does not mean that the ALJ “sits as a substitute for the [agency] and makes a determination whether to award the bid de novo.”).
Thus, while we agree with DCF that the ALJ is to evaluate the reasonableness of the agency’s intended action on an exemption request and not to determine anew whether the exemption should be granted or denied, we do not read section 435.07(3)(c) to preclude the ALJ from determining whether the applicant demonstrated rehabilitation. Indeed, without being able to make that factual determination, the ALJ would not be in a position to reach the legal conclusion as to whether the proposed decision was an abuse of discretion because the legal conclusion depends in large part upon whether the applicant met his or her burden to show rehabilitation.
The agency is not bound by the ALJ’s legal conclusion as to whether the intended action was an abuse of discretion, but the agency’s review of that issue is circumscribed by the standards in section 120.57(1)(£). See B.J. v. Dep’t. of Children & Family Servs., 983 So.2d 11, 15 n. 1 (Fla. 1st DCA 2008). Thus, even if the ALJ determines (as a matter of fact) that the applicant met his or her burden to demonstrate rehabilitation and thus concludes (as a matter of law) that it would be an abuse of discretion for the agency to deny the exemption, the agency head retains the discretion to deny the exemption so long as the final order “states with particularity its reasons for rejecting or modifying such conclusion of law ... and make[s] a finding that its substituted conclusion of law ... is as or more reasonable than that which was rejected or modified.” § 120.57(1)(l), Fla. Stat.
Here, in the last sentence of paragraph 14 of the recommended order, the ALJ determined that J.D. had overcome her anger management issues, and in paragraph 16 the ALJ determined that J.D. met her burden to demonstrate that she is rehabilitated. These determinations were labeled as conclusions of law, but they are actually findings of fact. See B.J., 983 So.2d at 14 (reversing a final order denying an exemption where DCF improperly reweighed issues of fact, focusing on credibility, including the finding that the appellant had established rehabilitation); K.J.S. v. Dep’t of Children & Family Servs., 974 So.2d 1106, 1109 (Fla. 1st DCA 2007) (reversing a final order denying an exemption where DCF improperly rejected the ALJ’s findings of fact including the finding that the appellant presented clear and overwhelming evidence of rehabilitation); see also Gross v. Dep’t of Health, 819 So.2d 997, 1005 (Fla. 5th DCA 2002) (holding that the determination as to whether a party met its burden of proof is a factual question); Battaglia Props. v. Fla. Land & Water Adjudicatory Comm’n, 629 So.2d 161, 168 (Fla. 5th DCA 1993) (explaining that the label used by the hearing officer was not determinative and that if a conclusion of law is incorrectly labeled as a finding of fact “the label is disregarded and . the item is treated as though it were properly labeled”). Accordingly, DCF did not have the authority to reject these findings “unless [it] first determine[d] from a review of the entire record, and state[d] with particularity in the order, that the findings of fact were not based on competent substantial evidence.” § 120.57(1)(Z), Fla. Stat. Because DCF did not comply with this statutory requirement (nor could it *1134 because the transcript of the hearing was not filed below), DCF erred in rejecting the ALJ’s findings that J.D. has overcome her anger management issues and is rehabilitated.
DCF did not, however, err in rejecting the ALJ’s conclusion in paragraph 16 of the recommended order that it was “arbitrary” (and, thus, an abuse of discretion under the Canakaris standard) for DCF to deny J.D.’s exemption request. Indeed, as explained above, the agency was free to reject that conclusion as long as it explained its rationale for doing so in accordance with section 120.57(1)(().
In its final order, DCF explained with sufficient particularity its rationale for denying the exemption request when it noted that, despite making positive changes in her life, J.D. was not suited for work with vulnerable children in a custodial or familial role because she had been convicted of child abuse for an incident in which, as found by the ALJ, she choked her son. Based upon this rationale, we cannot say that DCF abused its discretion in denying J.D.’s request for an exemption from disqualification. See Heburn, 772 So.2d at 563-64 (affirming the denial of an exemption because the denial was not unreasonable or outside of the range of discretion delegated to DCF); Phillips, 736 So.2d at 119 (affirming the denial of an exemption, noting that the court “may not substitute its judgment for that of the agency on an issue of discretion”).
Accordingly, the final order is AFFIRMED.
PADOVANO and SWANSON, JJ., concur.

. J.D. was arrested for aggravated assault with a weapon in November 1999, driving under the influence (DUI) in June 2000, possession of cocaine and drug equipment in September 2000, and petty larceny in May 2001. She pled guilty to the DUI charge and a fine was imposed; the other charges were "nolle pressed. ”

. Section 435.07 was amended in 2010 as part of a comprehensive bill on background screening. See ch. 2010-114, Laws of Fla. The bill added the second sentence to paragraph (3)(c) and amended the first sentence of that paragraph to conform to the change made to subsection (1) requiring the "head of the appropriate agency” to grant exemptions from disqualification. Id. at § 41. The legislative staff analysis provides no insight as to the purpose or intent of the new second sentence, although the analysis does note that, under existing law, the agency’s preliminary decision on an exemption request "is contestable under the traditional administrative appeal process found in chapterl20, F.S.” See Fla. H.R. Comm, on Crim. & Civ. Just. Pol’y, HB 7069 (2010) Staff Analysis at 7 n. 14 (final March 10, 2010) (on file with comm.).

. We note that ALJs have also adopted conflicting views of the statute. Compare H.W. v. Dep’t of Children & Families, 34 FALR 2963, 2973 (DOAH Dec. 30, 2011) ("The burden is on the aggrieved applicant ... to demonstrate to the [ALJ] that, given the information that the agency head had available at the time, the ‘intended action’ of denying the applicant’s exemption request [was an abuse of discretion].”) with S.E. v. Dep’t of Children & Families, 34 FALR 3381, 3387 (DOAH Feb. 12, 2012) (explaining that in a disqualification exemption proceeding, "neither party is restricted to the information that was earlier before the agency when making its preliminary decision” and that, although a new evi-dentiary record is developed, the "ALJ is then required ... not to make an independent finding as to the ultimate fact of whether rehabilitation has been proven, but rather to defer to the agency’s conclusion, unless no reasonable person could take the agency’s position in light of the determined facts”) and with P.J. v. Dep't of Children & Families, 34 FALR 2985, 2993 (DOAH Jan. 20, 2012) (explaining that the AU’s "task” in a disqualification exemption proceeding is to determine "(a) whether, based on clear and convincing evidence, [the applicant] has been rehabilitated and, if so, (b) whether [the agency head]'s intended action to deny [the applicant] an exemption from disqualification constitutes an abuse of discretion”).

. DCF adopted this view in several final orders, see, e.g., P.J., 34 FALR at 2985-86, but in its answer brief, DCF appears to have abandoned this view in favor of the view expressed by the ALJ in S.E., supra.