DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.P.,**
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D17-1016

[November 1, 2017]

Appeal from the State of Florida, Department of Children and Families; L.T. Case No. 16-4682.

Alejandro Larrazabal and Juan Carlos Arias of Velasquez Dolan Arias, P.A., Plantation, for appellant.

Edmund M. Haskins, Fort Lauderdale, for appellee.

FORST, J.

The Secretary of the Department of Children and Family Services (DCF) entered a final order denying Appellant A.P. an exemption from a criminal disqualification from work in a position of trust under section 435.07, Florida Statutes (2016). Appellant raises three arguments on appeal. We will address two, agreeing with Appellant that (1) the Secretary abused his discretion by adopting and then apparently disregarding the Administrative Law Judge's (ALJ) factual findings to conclude that an exemption should be denied, and (2) the Secretary failed to provide an adequate rationale for rejecting the ALJ's legal conclusion that it was an abuse of discretion to deny an exemption. This matter is accordingly remanded to the Secretary to address these deficiencies.

**Background**

At the time of the request for exemption, Appellant was a sixty-four-year-old, licensed mental health counselor in Florida who had been practicing since 1991. In 1998, Appellant was in a public park when he approached an undercover police officer and asked, "[w]ould you like to go walk?" The officer acquiesced and followed Appellant into nearby bushes.

Appellant subsequently exposed himself to the officer and was arrested. He pled no contest to the misdemeanor of exposure of sexual organs, which is a disqualifying offense from being able to work with children and vulnerable adults under Florida's Level 2 employment screening standards. § 800.03, Fla. Stat. (2016); § 435.04(2)(x), Fla. Stat. (2016).

Recently, background screening was triggered because Appellant wanted to open an intensive outpatient substance abuse program. He requested an exemption from his disqualification from DCF, explaining that he would like to "continue" to counsel children and vulnerable adults.[1] DCF denied Appellant's request, and he sought review through an administrative hearing pursuant to section 435.07(3)(c).

The ALJ heard testimony from several witnesses on behalf of Appellant and one witness from DCF. The ALJ made many factual findings in his recommended decision, including the following "findings" in paragraph 24:

> Based on the clear and convincing evidence presented at hearing, the undersigned finds that [Appellant] is rehabilitated from his single disqualifying offense in 1998 and that he presents no danger if employed in a position of special trust caring for children or vulnerable adults.

Having found that Appellant was rehabilitated and not a present danger, the ALJ made a legal conclusion that DCF had abused its discretion by denying the exemption. The ALJ recommended that DCF grant the exemption.

The Secretary of the DCF adopted all of the ALJ's findings of fact in his final order, including the paragraph quoted above. He rejected the ALJ's legal conclusion, however, that it would be an abuse of discretion to deny the exemption. The Secretary reasoned that DCF's own antithetical legal conclusion was "as or more reasonable than that which was being rejected." The Secretary's explanation was that:

> [E]ven if rehabilitation is shown, Petitioner is only eligible for an exemption, not entitled to one. I still have the discretion to deny the exemption notwithstanding the showing of rehabilitation. See *J.D.* [*v. Fla. Dep't of Children & Families*, 114 So. 3d 1127 (Fla. 1st DCA 2013)]. If reasonable persons could differ as to the appropriateness of the Departments [sic]

---

[1] It is unclear from the record as to how Appellant could "continue" to work with children and vulnerable adults following his disqualification.

decision to deny Petitioner's request for an exemption, the Department's decision is not unreasonable and, thus, not an abuse of discretion. Based on the ALJ's findings, I have concluded that reasonable persons could differ as to the appropriateness of a decision to deny Petitioner's request for an exemption. Denial of Petitioner's request for an exemption would therefore not be an abuse of discretion. It is important to note that an exemption under section 435.07, Florida Statutes, is not limited in nature, except in the realm of child care. I conclude, based on the ALJ's findings, that Petitioner's request for an exemption should be denied in light of the nature of his disqualifying offense and the children (which can include infants and small children) and the vulnerable adults with whom he could be working.

This appeal followed.

## Analysis

An agency's decision to grant or deny an exemption is subject to the deferential abuse of discretion standard of review. *K.J.S. v. Dep't of Children & Family Servs.*, 974 So. 2d 1106, 1109 (Fla. 1st DCA 2007). "Discretion . . . is abused when the . . . action is arbitrary, fanciful, or unreasonable . . . ." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980) (quoting *Delno v. Mkt. St. Ry. Co.*, 124 F.2d 965, 967 (9th Cir. 1942)).

In order to reject the ALJ's conclusion of law, "the agency . . . must make a finding that its substituted conclusion of law . . . is as or more reasonable than that which was rejected or modified." § 120.57(1)(*l*), Fla. Stat. (2016); *see also B.J. v. Dep't of Children & Families*, 983 So. 2d 11, 13 (Fla. 1st DCA 2008) (recognizing that an agency is bound to honor the findings of facts presented by the ALJ unless they are not supported by competent, substantial evidence). In demonstrating eligibility for an exemption, it is the applicant who has the burden of "setting forth clear and convincing evidence of rehabilitation." § 435.07(3)(a), Fla. Stat. "The agency head still has the discretion to deny the exemption notwithstanding the showing of rehabilitation, but he or she must articulate the rationale for doing so in order to facilitate judicial review." *J.D. v. Fla. Dep't of Children & Families*, 114 So. 3d 1127, 1131 (Fla. 1st DCA 2013).

Here, the Secretary's adoption of the ALJ's factual findings, particularly the above-quoted paragraph 24, conflicts with, and cannot be reconciled with, his legal conclusion. As noted in the ALJ's findings adopted by the Secretary, there was no threat of "present danger" as of the time of

Appellant's application for an exemption.

To the extent that the Secretary is intimating that "the nature of [Appellant's] disqualifying offense" forever disqualifies like individuals from working with children and vulnerable adults, this holding is at odds with the legislature's decision to *not* include indecent exposure and similar offenses in the list of offenses for which an exemption is forever prohibited. *See* § 435.07(4)(a)-(c), Fla. Stat.

The Secretary's decision to, in essence, apply a blanket lifetime prohibition is similar to the "my rule of thumb" decisions that have been reversed by appellate courts in this state. *See, e.g., Cromartie v. State*, 70 So. 3d 559, 564 (Fla. 2011) (reversing for fundamental error because the trial court refused to consider a legislatively authorized sentencing option as a matter of general policy); *Fraser v. State*, 201 So. 3d 847, 849-50 (Fla. 4th DCA 2016) (reversing because the trial court expressed a "general policy" that mental health could never serve as a basis for a downward departure); *Little v. State*, 152 So. 3d 770, 772 (Fla. 5th DCA 2014) (reversing after the trial court stated: "When a jury finds a defendant guilty, I don't downward depart."); *Barnhill v. State*, 140 So. 3d 1055, 1061 (Fla. 2d DCA 2014) (reversing in part because the trial court had a "general policy" of not considering a downward departure sentence in child pornography cases). "Due process demands an impartial decisionmaker regardless of whether the decision is being made by a fact-finder or a reviewing body." *Verizon Bus. Network Servs., Inc. ex. rel. MCI Commc'ns., Inc. v. Dep't of Corr.,* 988 So. 2d 1148, 1151 (Fla. 1st DCA 2008).

In relying upon a correlation between "the nature of [Appellant's] disqualifying offense and the children (which can include infants and small children) and the vulnerable adults with whom he could be working," and the reference to *J.D.,* the Secretary's decision indicates some confusion with respect to Appellant's offense and/or the circumstances in *J.D.* As detailed above, Appellant's offense was approaching an adult male in a park that was apparently the site of similar encounters (per the presence of the undercover officer) and displaying his private parts to this adult, with no indication that the officer was pretending to be a "vulnerable adult." In *J.D.,* DCF responded to a request for an exemption from an individual who had been convicted of *criminal child abuse* for an incident wherein she choked her own son (J.D. also had convictions for cocaine possession and DUI). *J.D.,* 114 So. 3d at 1128, 1129 n.1. The Secretary denied an exemption that would enable J.D. "to volunteer at a shelter home for mothers with young children." *Id.* at 1130. By contrast, the "victim" in Appellant's underlying offense was neither a child nor a vulnerable adult, and the 1998 incident is the only conviction or arrest in

4

Appellant's record.

Section 435.07(3)(a) authorizes the agency head, in articulating his or her decision to reject the ALJ's recommendation, to consider

> the circumstances surrounding the criminal incident for which an exemption is sought, the time period that has elapsed since the incident, the nature of the harm caused to the victim, and the history of the [applicant] since the incident, or any other evidence or circumstances indicating that the [applicant] will not present a danger if employment or continued employment is allowed.

§ 435.07(3)(a), Fla. Stat. There is no indication in the Secretary's decision that he considered these factors or what specific factors or rationale he relied upon, other than "the nature" of Appellant's underlying offense. As such, the DCF decision is not in conformity with section 120.57(1)(*l*). We are, therefore, compelled to remand this matter to DCF for a decision that is consistent with this opinion.

## Conclusion

The Secretary abused his discretion by adopting and then disregarding the ALJ's findings that Appellant is rehabilitated *and* "presents no danger if employed in a position of special trust caring for children or vulnerable adults," instead reaching a conclusion that appears contrary to the ALJ's findings, with no "sufficient particularity" in its rationale for this discrepancy. *J.D.*, 114 So. 3d at 1134. DCF's final order is reversed and remanded for a decision consistent with the ALJ's findings. If the Secretary once again reaches a different conclusion than the ALJ and denies the exemption, the final order must articulate the specific rationale for this denial.

*Reversed and Remanded.*

DAMOORGIAN and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

5