DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH FOX,**
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D18-914

[December 19, 2018]

Appeal from the State of Florida, Department of Children and Families; L.T. Case No. 17-2025; Rendition No. DCF-18-045-FO.

A. Randall Haas, Fort Lauderdale, for appellant.

Edmund M. Haskins, Fort Lauderdale, for appellee Department of Children and Families.

LEVINE, J.

The issue presented for our review is whether the Department abused its discretion in denying appellant's request for an exemption to work at an in-home daycare following his plea to charges of soliciting a prostitute, a disqualifying offense. The Department has a statutory right to deny an application for exemption, as the applicable statute provides that the Department "may" grant an exemption. Because we cannot say, considering the facts as found by the ALJ, that the Department abused its discretion in denying the exemption, we affirm.

Appellant and his wife owned and operated an in-home daycare. Appellant's wife was the main caretaker and appellant was the designated substitute. In 2003, appellant was arrested for procuring a prostitute after he offered an undercover officer $40 in exchange for sexual services. Appellant resolved the case by pleading to lewdness. Appellant never informed the Department of his arrest as required by law and continued to work as a designated substitute despite being prohibited from continuing to work at the in-home daycare without obtaining an exemption from the Department.

In 2016, the Department discovered appellant's 2003 arrest and, in light of the arrest, notified appellant that he was disqualified from working and being licensed. Appellant only then applied for an exemption. In the exemption application, appellant stated that he had given a woman a ride in his car having no idea that she was a prostitute. Appellant subsequently submitted a personal statement repeating the same story. The Department denied his exemption request.

After the denial of the exemption, appellant requested an administrative hearing. During the hearing, appellant offered testimony from witnesses attesting that he was a good caretaker and a good person. Appellant's wife testified that she in fact wrote the exemption application with appellant's knowledge of what she wrote. She also testified that she authored the subsequent personal statement which appellant rewrote in his own handwriting. Appellant admitted on cross-examination that he told his wife what to write in the exemption application. He never sent the Department a different account because he did not want his wife to find out what had actually happened. Further, he did not think the Department would find out what had happened because he believed the record was sealed.

The ALJ found that appellant was rehabilitated from his disqualifying offense. In reaching its decision, the ALJ relied heavily on the fact that appellant had not been arrested since 2003 and had served as the designated substitute for the daycare for fourteen years after his arrest. The ALJ also found that appellant did not lie on his application for exemption, stating:

> Petitioner only provided the bare bones account regarding the details for his disqualifying offense to his wife. However, his admission at hearing that he picked up a young prostitute and was arrested is not a lie and does not contradict the application or personal statement his wife wrote that the Department relies on. Petitioner's narration just does not provide every detail.

In the conclusion of law section, the ALJ again stated, "Although, Petitioner was not forthcoming about every detail about the embarrassing incident 14 years ago when he admitted to his wife about the prostitution charge, Petitioner's version was not false. He only told her part of the story, the bare bones account." The ALJ acknowledged that "even if the applicant demonstrates rehabilitation, he or she is only eligible for an exemption, not entitled to one. The agency head retains discretion to deny the exemption, provided its decision does not constitute an abuse of

2

discretion." The ALJ then concluded that it would be an abuse of discretion to deny appellant's exemption request.

The Department's counsel filed exceptions, and the Secretary of the Department granted the exceptions. The final order found that there was not competent substantial evidence to support the ALJ's finding that appellant did not lie in his exemption application. The final order further found that the Department articulated a reasonable basis for the denial of the exemption, that being the disqualifying offense of lewdness, appellant's inability to be forthright and honest with the Department about his arrest, and his admission that he did not correct the false account in his application because he believed his record was sealed and the Department would not find out. The final order concluded that appellant's inability to be truthful was a concern in allowing appellant to be placed in a position of special trust with children. The final order adopted the recommended order as modified and denied appellant's exemption from disqualification from employment.

On appeal, appellant argues that the Department improperly substituted its findings for that of the ALJ. "An agency's decision to grant or deny an exemption is subject to the deferential abuse of discretion standard of review." *A.P. v. Dep't of Children & Families*, 230 So. 3d 3, 6 (Fla. 4th DCA 2017). "Discretion . . . is abused when the . . . action is arbitrary, fanciful, or unreasonable . . . ." *Id.* (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)).

An agency must accept the ALJ's factual findings unless they are not supported by competent substantial evidence. § 120.57(1)(*l*), Fla. Stat. (2016); *Yerks v. Sch. Bd. of Broward Cty.*, 219 So. 3d 844, 848 (Fla. 4th DCA 2017). In order to reject the ALJ's conclusion of law, "the agency . . . must make a finding that its substituted conclusion of law . . . is as or more reasonable than that which was rejected or modified." § 120.57(1)(*l*), Fla. Stat. A court shall set aside agency action when "[t]he agency's exercise of discretion was . . . outside the range of discretion delegated to the agency by law . . . but the court shall not substitute its judgment for that of the agency on an issue of discretion." § 120.68(7)(e), Fla. Stat.

The legislature has enacted statutes governing childcare facilities with the "intent to protect the health, safety, and well-being of the children of the state and to promote their emotional and intellectual development and care." § 402.301, Fla. Stat. Toward that end, the legislature has expressed that all "child care personnel shall be of good moral character." § 402.301(2), Fla. Stat. Good moral character is based upon a screening. § 402.305(2), Fla. Stat. This screening includes background investigations

3

as a condition of employment and continued employment. § 435.04, Fla. Stat. The legislature has identified offenses that disqualify a person from working as a childcare personnel unless that person is granted an exemption by the Department. § 435.07(4), Fla. Stat. Among the disqualifying offenses is pleading to any charge relating to prostitution. § 435.04(2)(v), Fla. Stat.

The head of an "agency *may* grant to any employee otherwise disqualified from employment an exemption from disqualification . . . ." § 435.07(1)(a), Fla. Stat. (emphasis added). Thus, "the legislature has not provided for an exemption as a matter of right, but has delegated to the Department the broad discretion to grant an exemption." *Heburn v. Dep't of Children & Families*, 772 So. 2d 561, 563 (Fla. 1st DCA 2000). "An exemption from a statute, enacted to protect the public welfare, is strictly construed against the person claiming the exemption . . . ." *Id.*

In order to obtain an exemption, an employee has to set forth clear and convincing evidence of rehabilitation, which includes, but is not limited to, the following:

> the circumstances surrounding the criminal incident for which an exemption is sought, the time period that has elapsed since the incident, the nature of the harm caused to the victim, and the history of the employee since the incident, or any other evidence or circumstances indicating that the employee will not present a danger if employment or continued employment is allowed.

§ 435.07(3)(a), Fla. Stat. "The agency head still has the discretion to deny the exemption notwithstanding the showing of rehabilitation, but he or she must articulate the rationale for doing so in order to facilitate judicial review." *A.P.*, 230 So. 3d at 6 (citation omitted).

The undisputed facts of this case, as found by the ALJ, show that appellant was arrested for soliciting a prostitute, a disqualifying offense. Appellant did not disclose his arrest to the Department and continued working as a designated substitute for fourteen years. Once the Department discovered the arrest, appellant, on his exemption application, claimed that he merely gave a woman a ride not knowing she was a prostitute. During the hearing, appellant finally admitted that he had solicited an undercover officer to perform sexual acts. Also during the hearing, appellant explained that he was not candid on his exemption application because he did not want his wife to find out the truth and because he did not think the Department would find out because he

4

thought his record was sealed.

Based on these facts, the ALJ concluded that appellant did not lie on his exemption application. This conclusion was not supported by the ALJ's findings of fact. Appellant's statement on his exemption application that he gave a woman a ride not knowing she was a prostitute is not the same as offering money to an undercover officer for sexual acts. Additionally, the ALJ's conclusion that the exemption application was a "bare bones account" and "just [did] not provide every detail," fails to recognize that lies include not only false statements but also the intentional withholding or omitting of information. The Department properly exercised its authority in rejecting the ALJ's conclusion that appellant did not lie on his exemption application, as this conclusion was not supported by the ALJ's findings of fact or competent substantial evidence. *See* § 120.57(1)(*l*), Fla. Stat.; *Yerks*, 219 So. 3d at 848.

Even accepting the ALJ's conclusion that appellant did not lie on the exemption application, the Department still did not abuse its discretion in denying the exemption. On this point, *Heburn* is instructive. In that case, the ALJ found that the petitioner demonstrated rehabilitation and was entitled to an exemption. 772 So. 2d at 562. The Department accepted the ALJ's findings but denied the exemption due to the severity of the offenses and the amount of time since the petitioner's last incarceration. *Id.* at 563. The First District affirmed, finding that the Department's decision was "within its statutory discretion," "not unreasonable, and not outside the range of discretion delegated to that agency." *Id.*

This case is unlike *K.J.S. v. Department of Children & Family Services*, 974 So. 2d 1106 (Fla. 1st DCA 2007), where the Department rejected the ALJ's factual findings without reviewing a transcript. The First District reversed the Department's denial of an exemption because the "Department failed to review the entire record or state with particularity that the findings lack competent, substantial evidence." *Id.* at 1109 (footnote omitted). The First District concluded, "Absent the Department's compliance with the applicable statutes and interpretive case law, we are compelled to conclude that the Department's rejection of the ALJ's factual findings in this case is unreasonable and constitutes an abuse of discretion." *Id.* Unlike in *K.J.S.,* here the Department reviewed the transcript of the hearing and stated with particularity the findings that lacked competent substantial evidence.

In *J.D. v. Florida Department of Children & Families*, 114 So. 3d 1127, 1134 (Fla. 1st DCA 2013), the First District found that the Department erred in rejecting, without a transcript, the ALJ's finding that the petitioner

was rehabilitated. "Because DCF did not comply with this statutory requirement (nor could it because the transcript of the hearing was not filed below), DCF erred in rejecting the ALJ's findings that J.D. has overcome her anger management issues and is rehabilitated." *Id.* at 1133-34. Nevertheless, the First District approved the denial of an exemption, even though there was no transcript to review, since the Department was still able to state in particularity with its final order the reason for its denial of an exemption. The court explained:

> DCF did not, however, err in rejecting the ALJ's conclusion . . . that it was "arbitrary" (and, thus, an abuse of discretion under the *Canakaris* standard) for DCF to deny [the petitioner's] exemption request. Indeed, as explained above, the agency was free to reject that conclusion as long as it explained its rationale for doing so in accordance with section 120.57(1)(*l*).

*Id.* Because the Department "explained with sufficient particularity its rationale for denying the exemption request," "we cannot say that DCF abused its discretion in denying [petitioner's] request for an exemption from disqualification." *Id.*

Like in *Heburn* and *J.D.*, the Department's decision in denying appellant's exemption request was within its statutory discretion. Section 435.07(1)(a) clearly states that the Department "may" grant an exemption. Even the ALJ's own order conceded that the Department had the right to refuse the request for an exemption. The Department exercised its discretion in denying the exemption and articulated its rationale for doing so. *See A.P.*, 230 So. 3d at 6; *J.D.*, 114 So. 3d at 1134. The Department's denial of the exemption was within its own discretion delegated to the Department by law. *See* § 120.68(7)(e), Fla. Stat.

In arguing for reversal, appellant relies heavily on the fourteen years of childcare services he provided following his arrest. However, rather than favoring an exemption, this supports the conclusion that the Department did not abuse its discretion in denying the exemption. Appellant flouted the law for fourteen years by concealing his arrest from the Department, providing childcare services without an exemption, and then failing to be forthright on the exemption application once the Department discovered the arrest and disqualified appellant from employment. To allow appellant to rely on the fourteen years of childcare services following his arrest would be contrary to the text of the statute and would encourage employees to conceal disqualifying acts with impunity.

The dissent states that "[t]he ALJ found it would be an abuse of discretion to deny the exemption." However, the ALJ did not cite any case law or authority to support its finding that denial of an exemption would be an abuse of discretion. Instead, the ALJ correctly recognized that "even if the applicant demonstrates rehabilitation, he or she is only eligible for an exemption, not entitled to one. The agency head retains discretion to deny the exemption, provided its decision does not constitute an abuse of discretion."

The law is clear that the Department is not required to grant an exemption from disqualification even if a petitioner presents clear, convincing, and unrefuted evidence that he qualifies for exemption. *Phillips v. Dep't of Juvenile Justice*, 736 So. 2d 118, 119 (Fla. 4th DCA 1999). "[E]ven if rehabilitation is shown, the applicant is only *eligible* for an exemption, not *entitled* to one." *J.D.*, 114 So. 3d at 1131. In this case, the Department did not abuse its discretion in not denying an exemption, as it cannot be said that no Department would deny the request for an exemption based on the facts as determined by the ALJ. *See Phillips*, 736 So. 2d at 119; *J.D.*, 114 So. 3d at 1134.

*Affirmed.*

KLINGENSMITH, J., concurs.
MAY, J. dissents with opinion.

MAY, J. dissenting.

I respectfully dissent. The ALJ made very specific findings and concluded that the petitioner had met the burden of proving that he had rehabilitated himself from the qualifying offense. In my view, the Department of Children and Families ("DCF") substituted its own findings for that of the ALJ to reach a contrary conclusion.

Section 435.07, Florida Statutes (2016) provides:

(3)(a) In order for the head of an agency to grant an exemption to any employee, the employee must demonstrate by clear and convincing evidence that the employee should not be disqualified from employment. Employees seeking an exemption have the burden of setting forth clear and convincing evidence of rehabilitation, including, but not limited to, the circumstances surrounding the criminal incident for which an exemption is sought, the time period that has elapsed since the incident, the nature of the harm

7

caused to the victim, and the history of the employee since the incident, or any other evidence or circumstances indicating that the employee will not present a danger if employment or continued employment is allowed.

The applicant has the burden of "setting forth clear and convincing evidence of rehabilitation." § 435.07(3)(a), Fla. Stat. Here, the petitioner did just that.

An agency's decision to grant or deny an exemption is subject to the deferential abuse of discretion standard of review. *K.J.S. v. Dep't of Children & Family Servs.*, 974 So. 2d 1106, 1107 (Fla. 1st DCA 2007). "Discretion . . . is abused when the . . . action is arbitrary, fanciful, or unreasonable . . . ." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980).

Here, the ALJ found the information in the exemption package was not purposefully faulty because the petitioner's wife completed the information based on her husband's general description of the incident and her memory. The ALJ specifically found the information was not contrary to the facts, but "a less detailed account."

Nevertheless, the DCF rejected the ALJ's findings and substituted them with its own. And, it did so by concluding the limited details were dishonest rather than incomplete. *N.W. v. Dep't of Children & Family Servs.*, 981 So. 2d 599, 602 (Fla. 3d DCA 2008) ("[A]fter an administrative hearing, an 'agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence'."). Second-guessing an ALJ's credibility determinations or interpreting the evidence to suit a narrative is simply not permitted. *Yerks v. Sch. Bd. of Broward Cty*, 219 So. 3d 844, 848 (Fla. 4th DCA 2017) ("The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion").

The facts here are similar to those in *K.J.S. v. Dep't of Children & Family Servs.*, 974 So. 2d at 1106. There, K.J.S.'s wife used their home for a daycare business. *Id.* at 1107. After screening, DCF advised K.J.S. he could not live in the home or be on the premises because of his prior conviction for second degree felony murder. *Id.* at 1108. K.J.S. sought an exemption. *Id.* During a meeting with the exemption committee, he "down-played his role in, knowledge of, and culpability for, his crimes." *Id.*

DCF denied the exemption because of the discrepancies between the crime report and K.J.S.'s account. *Id.*

At his administrative hearing, twenty-two witnesses testified that K.J.S. had completely changed his life. *Id.* He was a role model in prison, worked to serve other inmates, became educated, and continued down a positive path after release. *Id.* Witnesses testified to his responsibility, commitment, work ethic, and work in the community. *Id.* DCF relied on evidence that K.J.S. had not accurately accounted for his involvement in the crime and had not taken responsibility for his conduct. *Id.* at 1109.

The ALJ considered the evidence and found K.J.S. demonstrated he was rehabilitated from his disqualifying offense. *Id.* at 1108. The ALJ found clear and overwhelming evidence that K.J.S. posed no threat to children. *Id.* The ALJ found K.J.S.'s version of the crime "inexplicable," but that should be considered in light of the evidence of his "exemplary life" since his release. *Id.* Nevertheless, DCF denied the exemption finding the positive testimony was "off-set" by K.J.S.'s attempt to downplay his role in the crime. *Id.* at 1109.

The First District reversed. *Id.* at 1110. It noted the ALJ made very specific findings regarding the weight and credibility of the evidence. *Id.* at 1109. It acknowledged the ALJ took into account that K.J.S. downplayed his role in the crime, but balanced that evidence against the rehabilitation testimony, which the ALJ was uniquely positioned to assess. *Id.* at 1109-1110. The First District held that DCF abused its discretion by ignoring factual findings that were supported by competent, substantial evidence. *Id.* at 1109.

The court indicated that the DCF had re-weighed the evidence by balancing the very same facts to deny the exemption. *Id.* It held DCF had failed to comply with the applicable statute and case law in failing to state with particularity what findings regarding rehabilitation were not supported by competent, substantial evidence. *Id.* at 1110.

Here, the ALJ heard testimony from parents of children who attended the day care facility about the quality of care rendered by the petitioner. The ALJ described the witnesses' testimony as "credible," "persuasive," and "compelling." The ALJ found the petitioner was involved in the Knights of Columbus, active in his daughter's school for more than ten years, and attends church. He had worked for the same employer for more than twenty-three years.

The ALJ balanced the petitioner's past criminal activity against the considerable evidence of his rehabilitation. The ALJ found the petitioner failed to provide detail of the disqualifying offense, but did not lie about it. She excused the lack of detail based on the petitioner's desire to spare his wife from it. The ALJ found it would be an abuse of discretion to deny the exemption.

In the "Findings of Ultimate Fact," the ALJ determined "upon careful consideration of the entire record," the petitioner demonstrated his rehabilitation from his disqualifying offense by clear and convincing evidence. The ALJ specifically found the petitioner "will not present a danger" to children or other vulnerable individuals if employed at the daycare.

Yet, the DCF chose to focus solely on the petitioner's failure to disclose details of the disqualifying offense and paid "NO" attention to the rehabilitation evidence. It did not consider the time period elapsed since the incident. It did not consider the lack of harm to the victim (an undercover law enforcement officer). It did not consider the history of the petitioner since the incident. It did not consider the other evidence to support that the petitioner was not a danger if his employment continued. It simply disagreed with the ALJ's conclusion that the petitioner's "bare bones" description was not false although lacking in detail.

The DCF made the same mistake it made in K.J.S. It focused entirely on the petitioner's explanation of his past criminal activity, and overlooked the considerable evidence of his rehabilitation. It relied, as has the majority, on the DCF's discretion to deny the exemption without considering the entire record.

In my view, the DCF abused its discretion by denying the exemption over a "concern" the petitioner could not be trusted. *See A.P. Dep't of Children & Families*, 230 So. 3d 3, 6 (Fla. 4th DCA 2017). I would reverse the final order.

*  *  *

***Not final until disposition of timely filed motion for rehearing.***