DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER GARCIA,**
Appellant,

v.

**STATE OF FLORIDA, AGENCY FOR HEALTH CARE
ADMINISTRATION,**
Appellee.

No. 4D20-2257

[October 27, 2021]

Appeal from the State of Florida, Agency for Health Care Administration; L.T. Case No. 20-1337.

Ginger Barry Boyd of Nelson Mullins Broad and Cassel, Tallahassee, for appellant.

Tracy Cooper George, Chief Appellate Counsel, and Nicholas A. Merlin, Senior Attorney, Agency for Health Care Administration, for appellee.

GROSS, J.

Jennifer Garcia appeals a final order issued by the State of Florida, Agency for Healthcare Administration ("the Agency") denying her request for an exemption from disqualification from employment as a Medicaid provider. We reverse because the Agency's refusal to allow an exemption under the facts of this case constituted an abuse of discretion.

Garcia is a licensed advanced practice registered nurse and certified nurse midwife who provided obstetric and gynecological care to Medicaid patients in Broward County, Florida until she was disqualified from the Medicaid program. She was disqualified because she entered a plea of no contest to a misdemeanor theft charge arising from an incident at Costco. This charge disqualified her from working as a Medicaid provider, unless she received an exemption from disqualification from the Secretary of the Agency pursuant to section 435.07, Florida Statutes (2019).

Garcia applied for an exemption from disqualification, but the Agency denied her request. Garcia requested an administrative hearing to challenge the Agency's decision.

At the administrative hearing, the issues to be determined by the administrative law judge ("ALJ") were: (1) whether Garcia had provided clear and convincing evidence of rehabilitation from her disqualifying offense and, if so, (2) whether the Agency abused its discretion in denying Garcia's request for an exemption from disqualification from employment.

Garcia presented a powerful case that she had been rehabilitated.

The ALJ entered a thoughtful, detailed order, which recommended that the Agency enter a final order granting Garcia's request for an exemption from disqualification as a Medicaid provider. In the "Findings of Ultimate Fact" section of the order, the ALJ found that Garcia

> demonstrated by clear and convincing evidence that she is rehabilitated from her misdemeanor disqualifying offense of petit theft and that she will not present a danger to the Medicaid patients with whom she would have contact with as a certified nurse midwife.

The ALJ determined that "no reasonable individual, upon fully considering the record in this proceeding, could find that [Garcia] is not rehabilitated."

The ALJ therefore concluded that "[w]ith the benefit of [Garcia]'s Exhibit 11 and all the hearing testimony, much of which was not available to the decision-maker when the original decision was made, it would be an abuse of discretion under the specific circumstances of this case to deny [Garcia] the exemption from disqualification that she seeks."

The Agency's Final Order adopted all of the ALJ's findings of fact and conclusions of law except for the conclusion that it would be an abuse of discretion to deny the request for an exemption. In denying Garcia's request for an exemption, the Agency pointed to (1) "the nature of [Garcia]'s criminal offense"; (2) "the fact that it has only been 1 year since [Garcia] completed her probation"; and (3) "the fact that [Garcia] is continuing to undergo treatment for issues related to the criminal offense."

"An agency's decision to grant or deny an exemption is subject to the deferential abuse of discretion standard of review." *A.P. v. Dep't of Child. & Families*, 230 So. 3d 3, 6 (Fla. 4th DCA 2017). "Discretion . . . is abused

2

when the . . . action is arbitrary, fanciful, or unreasonable . . . ." *Id.* (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)). "If reasonable men could differ as to the propriety of the action taken by the [lower tribunal], then the action is not unreasonable and there can be no finding of an abuse of discretion." *J.D. v. Dep't of Child. & Families*, 114 So. 3d 1127, 1130 (Fla. 1st DCA 2013) (quoting *Canakaris*, 382 So. 2d at 1203).

An agency may not reject the ALJ's factual findings unless they are not supported by competent substantial evidence. § 120.57(1)(*l*), Fla. Stat. (2019); *Yerks v. Sch. Bd. of Broward Cnty.*, 219 So. 3d 844, 848 (Fla. 4th DCA 2017). To reject or modify the ALJ's conclusion of law, "the agency must state with particularity its reasons for rejecting or modifying such conclusion of law . . . and must make a finding that its substituted conclusion of law . . . is as or more reasonable than that which was rejected or modified." § 120.57(1)(*l*), Fla. Stat. (2019).

"The court shall remand a case to the agency for further proceedings consistent with the court's decision or set aside agency action, as appropriate, when it finds that: . . . (b) The agency's action depends on any finding of fact that is not supported by competent, substantial evidence in the record of a hearing conducted pursuant to ss. 120.569 and 120.57[.]" § 120.68(7), Fla. Stat. (2019). "[H]owever, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact[.]" § 120.68(7)(b), Fla. Stat. (2019); *see also Phillips v. Dep't of Juv. Just.*, 736 So. 2d 118, 119 (Fla. 4th DCA 1999) ("This court may not substitute its judgment for that of the agency on an issue of discretion.").

In this proceeding for an exemption brought under section 435.07, the "ultimate issue of fact to be determined" is "whether the applicant has demonstrated rehabilitation by clear and convincing evidence." *J.D.*, 114 So. 3d at 1131. "But even if rehabilitation is shown, the applicant is only *eligible* for an exemption, not *entitled* to one." *Id.* "The agency head still has the discretion to deny the exemption notwithstanding the showing of rehabilitation, but he or she must articulate the rationale for doing so in order to facilitate judicial review." *Id.*

"[A]n agency's discretion is not unbridled; discretionary agency action is subject to a review for reasonableness." *K.J.S. v. Dep't of Child. & Family Servs.*, 974 So. 2d 1106, 1109 (Fla. 1st DCA 2007). Thus, even if the Agency retains the discretion to deny an exemption and articulates its reasons for doing so, that is not the end of the inquiry. Instead, a reviewing

3

court will assess whether the Agency has abused its discretion in denying the exemption.  *See J.D.,* 114 So. 3d at 1134.

No evidence in the record supports the Agency's stated reasons for denying Garcia's request for an exemption.

The misdemeanor offense was completely unrelated to Garcia's work with Medicaid patients or the Medicaid program.  The ALJ specifically found that, upon consideration of the entire record, Garcia "will not present a danger to the Medicaid patients with whom she would have contact with as a certified nurse midwife" and that "no evidence was presented that [Garcia] was a danger while [caring for patients]."  These findings of fact were adopted by the Agency in its Final Order and the Agency does not dispute there was competent substantial evidence to support these findings.

Nothing in the record suggested that the one year since Garcia's successful completion of probation was inadequate to demonstrate rehabilitation.  In arguing that "so little time" has passed, the Agency is essentially rejecting the ALJ's finding of fact that Garcia has been rehabilitated, which it is not permitted to do when such finding is supported by competent substantial evidence.  *See* § 120.57(1)(*l*), Fla. Stat. (2019) ("The agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence . . . .").

Nothing in the record indicates that Garcia's continued pursuit of counseling enhances her danger to Medicaid patients.  In its answer brief, the Agency explains that "the record testimony indicating that Ms. Garcia needs to continue with therapy to keep her level and on the right path is reasonably concerning to the Agency, given that her participation in therapy is voluntary and she can cease the sessions at any time."  However, these facts are not supported by record evidence.

There was no testimony or evidence to indicate that she is continuing therapy "for issues related to the criminal offenses."  Likewise, there was no testimony or evidence presented that Garcia "needs to continue with therapy to keep her level and on the right path."

Garcia's psychologist did not testify that her prognosis was contingent on her continuation in therapy.  He opined "without any hesitation" that Garcia has been "100 percent rehabilitated" and that there is "no possibility" that Garcia will engage in any other criminal behavior again.

4

We distinguish this case from *Heburn v. Department of Children & Families,* 772 So. 2d 561 (Fla. 1st DCA 2000). That case involved persistent criminal behavior and more serious disqualifying offenses than the conduct at issue in this case. *Id.* at 562–63. The *Heburn* appellant had spent many years in a lifestyle of drugs and crime and was given many opportunities to change before he was sentenced to nine years in prison. *Id.* at 563. For this reason, the First District agreed with the Department's conclusion "that the length of time since [appellant's] last incarceration is not a sufficiently long period of time to grant an exemption, given the severity of the offenses."

We reverse the Agency's final order and remand with directions to approve the requested exemption.

MAY and DAMOORGIAN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***